**In re the Petition for DISCIPLINARY ACTION AGAINST Robert J. BRENNER, an Attorney at Law of the State of Minnesota.**

No. C1–90–1398.

Supreme Court of Minnesota.

Aug. 31, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Robert J. Brenner has committed professional misconduct warranting public discipline. The Director alleges three separate counts of misconduct in the petition, each of which describes violations of one or more rules of professional conduct.

In count one, the Director alleges that a client retained respondent to represent him in an action against a bank; that counsel for the bank scheduled a motion to dismiss the action; that respondent failed to file pleadings on behalf of his client in response to the bank's motion to dismiss and also failed to appear at the motion to dismiss; that respondent failed to promptly seek a vacation of the court's order granting the motion to dismiss; and that the respondent subsequently misrepresented the reason for his failure to attend the motion in his affidavit to the court.

In count two, the Director alleges that a client retained respondent to represent him in a worker's compensation matter; that respondent failed to promptly serve and file a pretrial statement in the worker's compensation matter; and that respondent later failed to promptly serve and file a brief with this court in the worker's compensation matter which resulted in the discharge of respondent's writ of certiorari.

In count three, the Director alleges that a client retained respondent to represent him in a dental malpractice action; that between January 12, 1988 and July 14, 1988, the client made repeated telephone calls to respondent's office and left messages for respondent in which the client requested that the respondent return his calls; and that the respondent failed to return any of the client's calls.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer herein and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and supervised probation for a period of one year. Respondent further agreed to the imposition and payment of $750 in costs and $325.78 in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Robert J. Brenner, hereby is publicly reprimanded and is placed on probation for a period of one year from the date of this order, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the terms of respondent's probation shall be as follows:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which have or may come to the Director's attention. Either respondent's admission or a referee finding of further professional misconduct occurring after the date of this order shall constitute conclusive evidence of a breach of the terms of respondent's probation.

b. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor respondent's compliance with the terms of this probation. Within two weeks of the date of this order, respondent shall nominate an attorney who has agreed to serve as the respondent's supervisor. If respondent fails to nomi-

nate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota attorney as respondent's supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as the Director reasonably may request.

c. Respondent shall cooperate fully with his supervisor and with the Director's Office in their efforts to monitor respondent's compliance with this probation.

d. Respondent shall report at least quarterly to his supervisor concerning the status of all matters respondent is then handling and concerning respondent's compliance with the terms and conditions of this probation.

e. Respondent shall initiate and maintain office procedures which ensure that respondent will respond promptly to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis. Respondent shall provide his supervisor with an outline of these procedures.

3. That the respondent shall pay to the Director the sum of $750 in costs and $325.78 in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.