**In re the Petition for DISCIPLINARY ACTION AGAINST Robert J. BRENNER, an Attorney at Law of the State of Minnesota.**

No. C1–90–1398.

Supreme Court of Minnesota.

March 29, 1993.

### ORDER

On May 21, 1991, the Director of the Office of Lawyers Professional Responsibility filed a petition for revocation of probation and further disciplinary action with this Court alleging that the respondent Robert J. Brenner had committed professional misconduct warranting public discipline. Thereafter, on September 10, 1992, the Director filed a supplementary petition for disciplinary action. In the petitions, the Director alleges that respondent committed numerous trust account violations including the misuse, misappropriation and commingling of funds; that respondent failed to maintain the trust account books and records required by Lawyers Professional Responsibility Board Amended Opinion No. 9; that, for a period of several years, respondent falsely certified to this court on his attorney registration fee statements that he properly maintained such books and records; and that respondent engaged in a continuing pattern of neglect and non-communication with regard to three separate client matters entrusted to him. Respondent's disciplinary history includes admonitions in January 1985 and March 1988, as well as an August 1990 public reprimand and probation for neglect of client matters, submission of a false affidavit to the court and failure to communicate with clients.

After the petitions had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also withdrew his answers to the petition and supplemental petition and unconditionally admitted all of the allegations contained in those petitions. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 45 day suspension, followed by supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petitions of the Director, and the stipulation of the parties, NOW ORDERS:

1. That, effective April 17, 1993, the respondent, Robert J. Brenner, is suspended from the practice of law for a period of 45 days, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the reinstatement hearing provided for in Rule 18(a) through (d) of the Rules on Lawyers Professional Responsibility hereby is waived; respondent shall be reinstated following the expiration of the suspension provided that at least 15 days before the expiration of his suspension, respondent files an affidavit with the Clerk of Appellate Courts and the Director's Of-

fice establishing that he is current with Continuing Legal Education, has complied fully with Rules 24 and 26 of the Rules on Lawyers Professional Responsibility, and satisfactorily has completed all other conditions imposed herein.

3. That, upon reinstatement, respondent shall be placed on probation for a period of 2 years.

4. That the terms of respondent's probation shall be as follows:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor respondent's compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks of the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files as described below. Respondent shall make active client files available to the Director upon request.

c. Respondent shall cooperate fully with the supervisor's efforts to monitor respondent's compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to his supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director reasonably may request.

d. Respondent shall initiate and maintain office procedures which ensure that respondent responds promptly to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which he is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Within 30 days from the date of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

f. Within 2 weeks of the date of this order, respondent shall retain a certified public accountant to review respondent's books and records and establish an accounting system to ensure that respondent is in compliance with the provisions of the Minnesota Rules of Professional Conduct and Opinion No. 9 of the Lawyers Professional Responsibility Board. Within one month of the date of this order, respondent shall provide to the Director written certification from the accountant that respondent's books and records are currently in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9.

g. On the first day of each month, respondent shall make all books and records pertaining to his trust account available to the certified public accountant and at least once per quarter the accountant shall submit to the Director a letter verifying that monthly reconciliations have been made and that all trust account records have been maintained properly in accordance

with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9.

5. That respondent successfully shall complete the professional responsibility portion of the state bar examination within one year of the date of this order.

6. That respondent shall comply with Rule 26 of the Rules on Lawyers Professional Responsibility.

7. That respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

PAGE, J., dissenting.

PAGE, Justice (dissenting).

I respectfully dissent. The stipulation entered into between the Director of the Office of Lawyers Professional Responsibility and the Respondent should be rejected. Given Respondent's history of violating our Rules of Professional Responsibility more severe discipline is warranted.