In re Petition for DISCIPLINARY ACTION AGAINST Robert J. BRENNER, an Attorney at Law of the State of Minnesota.

No. C1–90–1398.

Supreme Court of Minnesota.

Nov. 8, 1995.

## ORDER

WHEREAS, the above-entitled disciplinary matter is before the court on the Director of the Office of Lawyers Professional Responsibility's petition, supplementary petition and second supplementary petition for revocation of the probation which had been imposed following respondent Robert J. Brenner's 45–day suspension from the practice of law and his reinstatement to practice on July 15, 1993; and

WHEREAS, respondent has a lengthy history of various actions constituting attorney misconduct; and

WHEREAS, the matter is now before the court on the parties' stipulation recommending a 1–year suspension from the practice of law, together with conditions precedent to reinstatement; and

WHEREAS, the court has determined that the parties' stipulation is unacceptable because it does not propose a discipline which is commensurate with the admitted misconduct;

IT IS HEREBY ORDERED that the recommended disposition is rejected and respondent, having waived his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, to a hearing before a referee, who would then make findings and conclusions and a recommended disposition, to contest such findings and conclusions, and to a hearing before this court upon the record, briefs and argument, is indefinitely suspended pursuant to Rule 15, with leave to apply for reinstatement no earlier than 24 months from the date of this order and that the reinstatement hearing provided for in Rule 18 is not waived and further that respondent shall not be reinstated until he has paid to the Lawyers Professional Responsibility Board $750 in costs, the cost of preparing the transcript of his deposition on an expedited basis, the costs of photocopies of a duplicate set of the Director's proposed exhibits provided to respondent's counsel, and the court reporter appearance fees for respondent's scheduled February 16, 1995 and February 24, 1995 deposition, pursuant to Rule 24(a) and (b); until he has complied with Rule 26; and until he has provided proof that he is current with continuing legal education requirements pursuant to Rule 18(e). The requirement pursuant to Rule 18(e) that respondent successfully complete the professional responsibility portion of the state bar examination is not waived.

BY THE COURT:

/s/ Mary Jeanne Coyne
Mary Jeanne Coyne
Associate Justice

PAGE, Justice (dissenting).

I respectfully dissent. Respondent has a history of engaging in serious professional misconduct. His most recent misconduct includes: failure to supervise attorneys hired on an independent contractor basis; failure to advise clients of fee sharing with lawyers not in the same firm; failure to have written contingent fee agreements; neglect of several client matters; failure to communicate with clients; failure to return a client file; failure to respond to a court order and frivolous litigation; failure to file federal individual income tax returns and pay the taxes due; and failure to file Minnesota individual income tax returns and pay the taxes due. Respondent was admonished in January 1985 for neglect of client matters and failure to communicate with clients and in March of 1988 for neglect of client matters. Respondent was publicly reprimanded and placed on probation for 1 year for "neglect of client matters, submission of a false affidavit to the court and failure to communicate with clients" in August 1990. *In re Brenner,* 460 N.W.2d 54 (Minn.1990). Respondent was suspended for 45 days and placed on 2 years' probation in March 1993 for having committed numerous trust account violations including the misuse, misappropriation and commingling of funds; failing to maintain the trust account books and records required by

Lawyers Professional Responsibility Board Amended Opinion No. 9; falsely certifying to this court on his attorney registration fee statements that he properly maintained such books and records; and engaging in a continuing pattern of neglect and non-communication with regard to three separate client matters entrusted to him. *In re Brenner,* 498 N.W.2d 256 (Minn.1993).

Our reasons for imposing discipline on attorneys who violate the Rules on Lawyers Professional Responsibility are three-fold: first, to protect the public; second, to guard the administration of justice; and finally, to deter future misconduct. *In re Jensen,* 418 N.W.2d 721, 722 (Minn.1988). It seems to me that the most important of these reasons is protecting the public. In light of respondent's disciplinary history, and the nature and extent of his violations of our Rules on Lawyers Professional Responsibility, the imposition of an indefinite suspension, with leave to reapply no earlier than 24 months from the date of the order, does not well serve our interest in protecting the public. I believe respondent should be disbarred.

Therefore, I dissent.