## IN RE DISBARMENT OF OLIVER A. LEVERSON.[1]

June 21, 1935.

No. 30,508.

Oscar G. Haugland and McNeil V. Seymour, for State Board of Law Examiners.

Oliver A. Leverson, pro se.

PER CURIAM.

Disbarment proceedings instituted by the state board of law examiners against Oliver A. Leverson.

Respondent was admitted to practice law in North Dakota on June 14, 1905; in Minnesota on January 10, 1920, by virtue of his license in North Dakota; he practiced in both states. In 1926 he established his residence in Wisconsin and was duly admitted to practice law therein. Proceedings were instituted in the supreme court of Wisconsin by its board of state bar commissioners in which it was charged that respondent was guilty of embezzlement and other serious acts of misconduct. Respondent did not answer and made no appearance in that proceeding. On May 31, 1932, the supreme court of Wisconsin ordered and adjudged that "the name of Oliver A. Leverson be stricken from the roll of attorneys of this Court, and that license to practice law be revoked and he be required to desist from the practice of law in this state."

In the present proceedings, pursuant to an order of this court requiring Leverson to show cause why he should not be disbarred or otherwise disciplined, he filed a verified answer denying that he was guilty of the misconduct charged and alleged that he was not validly disbarred in Wisconsin, for the claimed reason that a copy

[1]Reported in 261 N. W. 480.

of the complaint and the order of the court requiring him to appear and answer or demur were not served upon him. The exemplified record of the proceedings in Wisconsin shows that the sheriff of Green county served a copy of the complaint and the order upon respondent by leaving a copy thereof with his wife at his usual place of abode, that after diligent search and inquiry respondent could not be found within that county or state.

The judgment of disbarment entered by the supreme court of Wisconsin should be given full faith and credit unless the procedure therein was wanting in due process or that the supreme court thereof committed a palpable error in ordering the disbarment. Selling v. Radford, 243 U. S. 46, 37 S. Ct. 377, 61 L. ed. 585, Ann. Cas. 1917D, 569; Danforth v. Egan, 23 S. D. 43, 119 N. W. 1021, 139 A. S. R. 1030, 20 Ann. Cas. 418; 6 C. J. 614. Whether respondent was properly served in Wisconsin and had knowledge of the proceedings against him therein is not for this court to say. The exemplified record, as stated above, indicates that service of process was duly made, and there is nothing to indicate the commission of palpable error. It is not within the province of this court to investigate matters outside that record.

It is ordered that judgment be entered revoking respondent's license to practice law in the courts of this state and striking his name from the roll of attorneys.