In the Matter of the Application for the DISCIPLINE OF Paul H. RAY, an Attorney at Law of the State of Minnesota.

No. C7–76–47327.

Supreme Court of Minnesota.

July 10, 1987.

William H. Wernz, Director, Lawyers Professional Responsibility, Martin A. Cole, Asst. Director, St. Paul, for appellant.

Paul H. Ray, Plymouth, for respondent.

PER CURIAM.

On October 31, 1985, the Director of the Lawyers Board of Professional Responsibility filed a petition for disciplinary action, alleging respondent Paul H. Ray's criminal theft convictions. The Minnesota Court of Appeals affirmed those convictions in July 1986, *State v. Ray*, 390 N.W.2d 843 (Minn. App.1986), and, on November 17, 1986, a Referee appointed by this court held a hearing on the Director's petition. The Referee's findings of fact, conclusions of law, and recommendation for disbarment were filed on December 14, 1986.

Ray was admitted to practice law in Minnesota on October 27, 1959. Since that time he has twice been professionally disciplined. On November 20, 1970, this court placed Ray on supervised probation for one year because of misconduct that included mishandling client trust funds, failing to account for estate funds, and writing numerous checks that were returned because of insufficient funds. Nine years later, on January 2, 1979, this court indefinitely suspended Ray for his failure to file income taxes, conversion of client funds, neglect of client matters, and issuance of bad checks.

The order indefinitely suspending Ray granted him leave to reapply on or after December 14, 1979. *In re Ray*, 275 N.W.2d 32 (Minn.1979). In April 1981, Ray filed an application for reinstatement, but that application was not acted upon until March 1984, when a hearing was set for April 1984. That hearing was continued until May, and, on May 8, 1984, after a criminal complaint had been filed for theft and swindling, Ray withdrew his application for reinstatement.

On July 22, 1985, Ray was found guilty in Norman County District Court of livestock theft, theft by swindle, and theft by false representation. Ray's convictions arose out of his work as a paralegal for attorney Marshall Anderson, who filed a bankruptcy petition for Erling Anderson, a Halstad, Minnesota, farmer. The theft by swindle and theft by false representation counts were based on Ray's statement that if he could get $10,000 and an appeal bond he thought he could stop foreclosure on Anderson's farm machinery and equipment. Anderson gave him a $10,000 check, but no bond was ever filed although Ray cashed the check and used the proceeds to make a payment on a contract for deed. *State v. Ray*, 390 N.W.2d 843, 844–45 (Minn.App.1986). The livestock theft count arose out of a scheme to steal cattle from Anderson. *Id.* at 845.

At a disciplinary hearing Ray argued that the following were mitigating circumstances: his claim of innocence, his claim that the alleged victim suffered no harm, the Director's unreasonable delay in acting on his petition for reinstatement, Ray's race, and his representation of indigent clients. The Referee, however, made no findings with respect to these alleged mitigating circumstances and, in his memorandum, stated: "In spite of any mitigating circumstances that might exist, this Referee feels that the only possible recommendation is that of disbarment." We agree.

■ Under the Rules on Lawyers Professional Responsibility (RLPR), "[a] lawyer's criminal conviction in any American jurisdiction, even if upon a plea of nolo contendere or subject to appellate review, is, in proceedings under these Rules, conclusive evidence that he committed the conduct for which he was convicted." RLPR 19(a). It is, therefore, conclusively established that Ray committed theft by swindle, theft by

false representation, and livestock theft. *See State v. Ray*, 390 N.W.2d at 843.

▪ The Referee concluded that this conduct violated DR 1–102 (A)(3), (4), and (6), of the Minnesota Code of Professional Responsibility (MCPR). DR 1–102 provides in part:

(A) A lawyer shall not:

\* \* \* \* \* \*

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

\* \* \* \* \* \*

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

MCPR DR 1–102(A)(3), (4), (6). Even though Ray attempted to order a transcript of the proceedings before the Referee, none was prepared because he made no arrangements to pay the court reporter. The Referee's findings of fact and conclusions are, therefore, conclusive under Rule 14(d), RLPR. Ray, however, challenges the Referee's recommendation that he be disbarred.

▪ The purpose of lawyer discipline is to protect the public. In *In re Hanson*, 258 Minn. 231, 233, 103 N.W.2d 863, 864 (1960), we stated:

The purpose of disciplining an attorney is not to punish him, but to guard the administration of justice and to protect the courts, the legal profession, and the public. *The public interest is and must be the paramount consideration; and the primary duty of the court must be protection of the public.*

*Id.* (emphasis added). Disbarment, which both the Referee and the Director recommend, "is the extreme or ultimate penalty for a lawyer's misconduct and exists primarily as a necessary adjunct to criminal prosecution penalties, to protect the public and to deter lawyers who may otherwise be tempted to perform illegal acts." *In re Olkon*, 324 N.W.2d 192, 195 (Minn.1982).

An attorney's conviction for theft, fraud, or embezzlement has long been treated as serious professional misconduct often warranting disbarment. *See, e.g., In re Holman*, 322 N.W.2d 726 (Minn.1982); *In re Hedlund*, 293 N.W.2d 63 (Minn.1980); *In re Hennings*, 283 N.W.2d 896 (Minn.1979); *In re Ossanna*, 288 Minn. 541, 180 N.W.2d 260 (1970). This court has also stated, however, that "felony convictions do not result in automatic disbarment," *In re Hedlund*, 293 N.W.2d 63, 67 (Minn.1980), and that we "will look at the circumstances surrounding the criminal act to see whether some discipline less than disbarment would be appropriate." *Id.* at 66. Those attorneys who have not been disbarred for conduct of this nature have presented substantial mitigating factors. *See, e.g., In re Daffer*, 344 N.W.2d 382 (Minn.1984); *In re Olkon*, 324 N.W.2d 192 (Minn. 1982); *In re Scallen*, 269 N.W.2d 834 (Minn.1978).

▪ Two factors found to be mitigating in *Daffer, Olkon,* and *Scallen* were that the misconduct involved a single transaction and that those attorneys had no previous incidents that reflected adversely on their characters. *Daffer*, 344 N.W.2d at 385; *Olkon*, 324 N.W.2d at 196; *Scallen*, 269 N.W.2d at 841. While all Ray's convictions concern his dealings with Erling Anderson and, therefore, could be characterized as a single transaction, his previous disciplinary record is not unblemished. That record, his 1970 probation and his 1979 suspension, do not "strongly indicate that resondent will not engage in unethical or illegal conduct in the future," *Olkon*, 324 N.W.2d at 196. It is, therefore, our conclusion that to protect the public Ray must be disbarred. It is so ordered.