In re the Petition for **DISCIPLINARY ACTION AGAINST Robert P. MORIN, an Attorney at Law of the State of Minnesota.**

No. C5–89–2094.

Supreme Court of Minnesota.

May 31, 1991.

---

William J. Wernz, Dir. of the Office of Lawyers Professional Responsibility, Karen A. Risku, Asst. Director, St. Paul, for appellant.

Robert P. Morin, pro se.

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition charging respondent, Robert P. Morin, with five counts of unprofessional conduct warranting public discipline. The charges include four counts of client neglect and misrepresentation, and one count of noncooperation with the Montana Commission on Practice. Morin did not answer the notice of investigation or petition after several attempts by the Director's office to contact him, and did not appear at oral argument. The misconduct alleged resulted in Morin's disbarment in Montana, and the Director recommends the same sanction be applied in Minnesota.

I

Respondent has been licensed to practice law in Minnesota since May 16, 1980, but has been suspended for nonpayment of the attorney registration fee for approximately eight years. Respondent has made no attempt to resume practice in Minnesota and is on "restricted" Continuing Legal Education status. Until April of 1989, Respondent was also licensed in Montana.

The Director alleges four counts of client neglect and misrepresentations in the handling of the claims of three Montana clients. The first count involves the neglect of Lynet White's Title VII claim. Respondent filed a complaint on May 28, 1985, in federal district court. Morin failed to respond to the defendants' motion to dismiss for failure to prosecute. On June 13, 1986 the court dismissed the action with prejudice. The Director alleges Respondent never informed his client that the action had been dismissed. In September of 1986, Morin falsely told White that the case was proceeding. Not until White went to inquire of the court clerk in October of 1986 did she learn that the case had been dismissed four months previously.

The second count involves alleged neglect of Bryan Lowenstein's dental malpractice claim. Lowenstein retained Respondent in January or February 1982. Respondent filed a complaint almost two years later in December 1983. A summons was then issued, but was returned without being served well over two years later, on June 26, 1986. Morin then arranged to have a second summons issued. Meanwhile, on September 17, 1984, Morin had sent Lowenstein a copy of interrogatories that Morin indicated were being served on the dentist defendant along with a cover letter to that effect. Lowenstein later learned the interrogatories were never served. Respondent did not inform Mr. Lowenstein that he had received a letter from the court in October 1986 demanding information regarding whether the claim had been submitted to the Montana Medical–Legal Panel prior to filing the complaint. The case was dismissed on December 4, 1986. Apparently the action was since barred by the statute of limitations in Montana.

The third and fourth counts alleged in the Director's petition involve two personal

injury actions in which Respondent represented David Simpkins. In the first action, Morin filed a complaint on behalf of Simpkins relating to a 1981 auto accident. When Simpkins inquired as to the case progress, Respondent told him they would be settling out of court for the policy limits within two weeks. After four months of delay and evasion, Respondent told Simpkins that the case was already settled, and "the check was in the mail." The case was dismissed for lack of prosecution. Respondent did not inform Mr. Simpkins of the motion to dismiss or that the case had been dismissed. Simpkins was able to get the case reopened with the assistance of another lawyer.

Simpkins also retained Morin to represent him in a personal injury action involving another automobile accident. Simpkins testified that Respondent named the wrong party in the complaint. On July 20, 1987, the Montana court ordered Respondent to appear and show cause why the case had not been prosecuted. Respondent did not appear at the hearing and soon thereafter the case was dismissed for failure to prosecute. Again, Respondent did not inform Mr. Simpkins of the motion to dismiss or that the case had been dismissed. Simpkins retained new counsel who was able to get the case reopened.

## II

■ Morin has not answered the allegations of either the Montana Commission on Practice or the Minnesota Office of Lawyers Professional Responsibility regarding the alleged misconduct. Rule 13(b) of the Rules on Lawyers Professional Responsibility provides the court may deem admitted allegations in a petition for disciplinary action when the attorney fails to answer the petition. Notice of the Minnesota proceedings, and the effect of the failure to answer, was served on Morin pursuant to Rule 12, Rules on Lawyers Professional Responsibility (RLPR). The Director's office was unable to locate Morin at any of several Montana addresses, including the address listed in the Minnesota attorney registration files. Pursuant to Rule 12(c)(1), Respondent was suspended Decem-

ber 6, 1989. During the one-year period after the suspension order provided in Rule 12, Respondent did not move the court for a vacation of the suspension order and leave to answer the petition. The Director consequently attempted notice by publication of the order requiring Respondent to appear before this court on May 6, 1991, to show cause why further discipline should not be taken as provided by Rule 12(c)(2). Under the circumstances in this case, the Director took all reasonable steps to locate and notify Respondent. *See In re Sampson*, 408 N.W.2d 574, 577 (Minn.1987) (due process not violated when failure to receive notice is result of attorney's decision to abandon law practice). We also note that Morin was apprised of the Montana proceedings based on the same allegations of misconduct as are alleged here, and failed to answer or appear in the matter. Accordingly, we find it proper to deem admitted the allegations contained in the petition.

Respondent was disbarred in Montana after the Commission on Practice deemed admitted the misconduct alleged and held a hearing to allow Morin to offer mitigating circumstances and to determine the appropriate discipline. The transcript of the Montana proceeding indicates Morin was fully aware of the allegations against him and chose not to respond or attend the hearing. Nonetheless, the Montana Commission on Practice provided his wife and law partner, Colleen Collins, an opportunity to present mitigating circumstances and explain Morin's position with regard to the discipline. The Montana Supreme Court determined that Respondent's conduct in ignoring the complaints filed with the Commission, along with the conduct alleged in those complaints, fully warranted disbarment. The question before us is whether the same discipline is appropriate with regard to Respondent's Minnesota license to practice law.

## III

■ We have deferred to discipline imposed in other states when the procedure followed was in accord with due process and the discipline imposed was not in palpa-

ble error. *In re Leverson,* 195 Minn. 42, 43, 261 N.W. 480, 481 (1935). We also note that a recent amendment to the Rules on Lawyers Professional Responsibility, Rule 12(d), not in effect at the time this action was commenced, imposes a similar standard.[1] The Montana proceeding was conducted in full accord with due process. Morin was served with the complaint in mid July 1988 and with notice of the hearing set for September 30, 1988, in early September 1988. Both counsel for the petitioning authority and Collins understood he was aware of the proceedings. The Commission questioned the three complaining clients and offered Collins an opportunity to explain why Morin had failed to appear or answer the complaint and to cross-examine the clients. The Montana procedure was fundamentally fair and merits our deference.

■ We also cannot find that the imposition of disbarment was in palpable error under the facts of this case. Similar to the Montana court, we have disbarred attorneys who have neglected more than one client's matters. *See, e.g., In re McCoy,* 447 N.W.2d 887 (Minn.1989); *In re Weyhrich,* 339 N.W.2d 274 (Minn.1983). Equally troubling are Respondent's misrepresentations. Morin assured one client that everything was fine after her Title VII action had been dismissed for failure to prosecute. He falsely told another client that interrogatories were being served. Morin falsely told a third client that his case had been settled. "We have not hesitated to disbar attorneys for failure to maintain the profession's high standards of truthfulness."

*In re Jones,* 383 N.W.2d 303, 307 (Minn. 1986) Finally, Morin's failure to participate in the disciplinary proceedings raises serious doubts about Respondent's willingness to govern his practice in accord with the Rules. Had we considered the matter in the absence of the Montana proceeding, we would have seriously considered disbarment a potential sanction for Morin's conduct, and therefore cannot say the Montana order was in palpable error.

■ The rationale for imposing identical disciplinary sanctions is that to do otherwise would allow a sanctioned attorney to avoid the consequences of misconduct by moving his or her practice to another state. Conservation of judicial resources also militates in favor of deferring to sanctions imposed elsewhere. We will review carefully the procedures used in other states, however, to ensure a fair determination of the appropriate discipline. In this case, we are satisfied Respondent had an opportunity to contest the misconduct alleged and chose not to do so, and that the misconduct is of a sufficiently serious nature that disbarment is warranted.

Respondent Robert P. Morin is ordered disbarred.

---

1. Rule 12(d), RLPR, states:
   Reciprocal Discipline. Upon learning from any source that a lawyer licensed to practice in Minnesota has been publicly disciplined or is subject to public disciplinary charges in another jurisdiction, the Director may commence an investigation and, without further proceedings, may file a petition for disciplinary action with this Court. A lawyer subject to such charges or discipline shall notify the Director. If the lawyer has been publicly disciplined in another jurisdiction, this Court may issue an order directing that the lawyer and the Director inform the Court within thirty (30) days whether either or both believe the imposition of the identical discipline by this Court would be unwarranted and the reasons for that claim. Without further proceedings this Court may thereafter impose the identical discipline unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota. If this Court determines that imposition of the identical discipline is not appropriate, it may order such other discipline or such other proceedings as it deems appropriate. Unless the Court determines otherwise, a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota.