In re Petition for DISCIPLINARY ACTION AGAINST Susan Marie POTTENGER, an Attorney at Law of the State of Minnesota.

No. C6–95–2422.

Supreme Court of Minnesota.

Aug. 14, 1997.

Henry C. Granison, Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for Petitioner.

Susan Marie Pottenger, St. Paul, pro se.

## OPINION

PER CURIAM.

This is a disciplinary action against respondent, Susan Marie Pottenger, an attorney licensed to practice law in Minnesota. The Director of the Office of Lawyers Professional Responsibility received two complaints of unprofessional conduct against Pottenger.

The director attempted to investigate the complaints, but Pottenger failed to respond to notices mailed to her last-known address and the director was unsuccessful in her attempts to locate and to contact Pottenger. The director then petitioned this court to discipline Pottenger for unprofessional conduct. The director again attempted to locate Pottenger, but efforts to serve a notice of the petition for disciplinary action were unsuccessful. The director next filed an application for an order suspending respondent Susan Marie Pottenger from the practice of law. The petition was granted and Pottenger was suspended from the practice of law on December 29, 1995. She was given one year from the date of the order to move for vacation of the order for suspension and for leave to answer the disciplinary petition. Pottenger has not moved for vacation of the order for suspension or for leave to answer the disciplinary petition and has failed to respond to an order to show cause why appropriate disciplinary action should not be taken against her. We indefinitely suspend Pottenger from the practice of law.

Pottenger was admitted to the practice of law in Minnesota in 1990. Her prior disciplinary history consists of: (1) an admonition on December 8, 1993, for failing to file an affidavit in a timely manner and for settling a child visitation dispute without her client's authorization; (2) a suspension from the practice of law from October 1, 1994 to December 20, 1994 for nonpayment of her attorney registration fees; and (3) a suspension on October 1, 1995 for nonpayment of her attorney registration fees.

On October 6, 1995, the director petitioned for disciplinary action against Pottenger for three separate counts of unprofessional conduct. The first count relates to Pottenger's representation of a client who retained her to initiate litigation against two veterinarians who treated the client's German Shepherd dog. One veterinarian erroneously removed the dog's urethra instead of neutering him. A second veterinarian attempted to do reconstructive surgery but, by the time of this surgery, the dog was too ill to tolerate the surgery and died. The client retained Pottenger to sue the veterinarians for the cost of

the surgeries and the value of the dog. Pottenger agreed to take the case on a contingent fee basis and accepted $500 from the client as a retainer for costs. A written fee agreement was not prepared or signed. The director alleges that Pottenger failed to execute a written fee agreement in a contingent fee matter; failed to diligently pursue this matter; failed to adequately communicate with her client regarding the status of the case; misrepresented the status of the case; failed to provide an accounting to the client for the $500 retainer; and failed to return her client's file. The director alleges that Pottenger's conduct violated Minn. R. Prof. Conduct rules 1.3, 1.4(a), 1.5(c), 1.15(b)(3), 1.16(d), 3.2, and 8.4(c).

The second count of the petition for disciplinary action relates to a judgment entered against Pottenger for the cost of a deposition reported on by a court reporter at Pottenger's request. Although the court reporter billed Pottenger on numerous occasions, Pottenger never responded to the billings and never paid the bill. The court reporter obtained a judgment in conciliation court against Pottenger for $216, which Pottenger has not paid. The director alleges that Pottenger's conduct in failing to pay the court reporter's judgment was prejudicial to the administration of justice and thus violated Minn. R. Prof. Conduct rule 8.4(d).

The third count of the director's petition for disciplinary action cites Pottenger's noncooperation with the efforts made by the director to investigate the matters set forth in counts one and two. More particularly, Pottenger failed to meet with the director on several occasions during the time period between October 26, 1994, when the director mailed to Pottenger a notice of investigation requesting a written response, and the time the petition for discipline was filed. The director made numerous attempts to contact Pottenger during this time period, but Pottenger failed to respond. The director alleges that Pottenger's failure to cooperate with the disciplinary investigations and her failure to attend a prehearing meeting violate Minn. R. Prof. Conduct rules 8.1(a)(3) and 8.4(d). The director also alleges that Pottenger's conduct violated rule 25 of the Rules on Lawyers Professional Responsibility (RLPR).

In the petition for disciplinary action, the director requested that Pottenger be disbarred, that she be suspended from the practice of law, or that this court impose other appropriate discipline. The director made numerous efforts to serve Pottenger with a notice and petition for disciplinary action, but was unsuccessful in her efforts to locate, serve, and elicit a response from Pottenger. The notice of disciplinary action required that Pottenger serve and file an answer within 20 days of service and if she failed to serve and file an answer to the petition, the allegations of the complaint would be deemed admitted. *See* rule 13(b), RLPR.

On November 16, 1995, after Pottenger failed to respond to the notice and petition for disciplinary action, the director applied to this court for an order suspending Pottenger from the practice of law. The application was based upon the allegations in the petition for disciplinary action, as well as Pottenger's continuing noncooperation with the director's investigation of the complaints against her. On December 29, 1995, this court suspended Pottenger from the practice of law. *In re Pottenger*, 541 N.W.2d 590 (Minn.1995). The order suspending Pottenger provided that Pottenger had one year from the date of the order to move for vacation of the order for suspension and to move for leave to answer the disciplinary petition. On January 8, 1996, the director mailed to Pottenger a letter notifying her of the obligations of a lawyer suspended from the practice of law as provided for in rule 26 of the RLPR. Pottenger has not complied with the provisions of rule 26, has not moved for vacation of the order, and has not moved for leave to answer the petition for disciplinary action.

The director next petitioned this court, pursuant to rule 12(c)(2) of the RLPR, for an order to show cause "why appropriate disciplinary action should not be taken" against Pottenger. In this petition, the director sought disbarment, further suspension, or other appropriate discipline for Pottenger. An order to show cause was issued by February 4, 1997, and this court gave notice that a hearing was set before this court on April 9,

1997. The order was published as required by rule 12(c)(2), RLPR, but again Pottenger did not respond in any manner and she did not appear at the hearing before this court.

Fortunately, it is a rare occurrence for an attorney to simply disappear and not respond to charges of unprofessional conduct. One of the most recent cases in which this occurred was *In re Morin*, 469 N.W.2d 714 (Minn. 1991). In that case, the attorney, Morin, was subject to disciplinary proceedings in both the State of Montana and the State of Minnesota. Morin did not answer the allegations of the Montana Commission on Practice or Minnesota's Office of Lawyers Professional Responsibility regarding the alleged misconduct. Morin was disbarred in Montana after the Commission on Practice deemed admitted the misconduct and held a hearing to allow Morin to offer mitigating circumstances and to determine the appropriate discipline. Morin neither responded nor attended the hearing. *Id.* at 716.

In Morin's Minnesota proceeding, the director was unable to locate Morin and Morin was suspended from the practice of law for one year. Within that one year, Morin did not move the court to vacate the suspension or move for leave to answer the petition. The director then published an order for Morin to appear before this court to show cause why further discipline should not be taken. Morin did not appear at the hearing. Citing *In re Sampson*, 408 N.W.2d 574, 577 (Minn.1987), the *Morin* court held that under the circumstances of the *Morin* case, the director took all reasonable steps to locate and to notify Morin. *Morin*, 469 N.W.2d at 716; *see also Sampson*, 408 N.W.2d at 577 (due process not violated when failure to receive notice is result of attorney's decision to abandon law practice). The court then proceeded to deem admitted the allegations contained in the petition. *Morin*, 469 N.W.2d at 716.

■ Under the similar circumstances of this case, the director made extensive efforts to locate and to notify Pottenger of the disciplinary proceedings, including attempted personal service, publication, and notice addressed to her last-known address. No response has been received from Pottenger and she has not been located despite the efforts made by the director. If Pottenger did not receive actual notice of these proceedings, it is only because of her own decision to abandon the practice of law and to avoid service. Accordingly, it is proper to deem admitted the allegations contained in the director's petition. *Morin*, 469 N.W.2d at 716; *Sampson*, 408 N.W.2d at 577. Based upon the allegations in the petition for disciplinary action, we conclude that Pottenger's conduct on the first count violated Minn. R. Prof. Conduct rules 1.3, 1.4(a), 1.5(c), 1.15(b)(3), 1.16(d), 3.2, and 8.4(c); that her conduct on the second count violated Minn. R. Prof. Conduct rule 8.4(d); and that her conduct on the third count violated Minn. R. Prof. Conduct rules 8.1(a)(3) and 8.4(d), and rule 25 of the RLPR.

■ Because Pottenger is deemed to have admitted the allegations contained in the petition and because we have concluded that her conduct violated our rules of professional conduct, the only issue for this court to decide is the appropriate form of discipline to be imposed in light of Pottenger's unprofessional conduct. *See In re Olson*, 545 N.W.2d 35, 37 (Minn.1996). In determining the appropriate discipline, we weigh: (1) the nature of the misconduct; (2) the cumulative weight of the disciplinary rule violations; and (3) the potential harm to the public, to the legal profession, and to the administration of justice. *See In re Pyles*, 421 N.W.2d 321, 325 (Minn.1988). "Sanctions are imposed according to the unique facts of each case, but earlier cases are useful for drawing analogies." *In re Walker*, 461 N.W.2d 219, 222 (Minn.1990). The Minnesota Rules of Professional Conduct require that a lawyer cooperate with a discipline authority's lawfully authorized demand for information. Minn. R. Prof. Conduct 8.1(a)(3); *see also* rule 25 of RLPR.

■ The director contends that Pottenger's failure to adequately communicate with a client and to diligently pursue the client's interests, misrepresentation of the status of a case, failure to execute a written fee agreement in a contingent fee matter, failure to provide an accounting, failure to return a

client's file, failure to pay a court reporter's judgment, and failure to cooperate with the director are sufficient to warrant disbarment or indefinite suspension. We agree with the director that Pottenger's unprofessional conduct, especially her failure to cooperate with the director, is serious and warrants an indefinite suspension from the practice of law.

We conclude that the appropriate sanction for Pottenger's conduct is an indefinite suspension from the practice of law without an identified duration. Accordingly, we order:

1. That respondent, Susan Marie Pottenger, is hereby indefinitely suspended from the practice of law without an identified duration, pursuant to rule 15(a)(2), RLPR;

2. That Pottenger comply with the requirements of rule 26, RLPR;

3. That Pottenger shall pay to the director the sum of $900 in costs and disbursements pursuant to rule 24, RLPR.

So ordered.