**In re Petition for DISCIPLINARY ACTION AGAINST Lewis M. KOSS, an Attorney at Law of the State of Minnesota.**

No. C2–96–2024.

Supreme Court of Minnesota.

Dec. 11, 1997.

Kenneth L. Jorgensen, Office of Lawyers Prof. Responsibility, St. Paul, for petitioner.

Lewis M. Koss, Florence, CO, pro se.

## ORDER

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility has filed a petition seeking the reciprocal disbarment of respondent, Lewis M. Koss, pursuant to Rule 12(d), Rules on Lawyers Professional Responsibility. The petition is predicated upon an order of the Supreme Court of California, filed May 1, 1996, disbarring the respondent for felony racketeering and mail fraud convictions. The Director alleges that the activities underlying the respondent's convictions violated Minnesota Rules of Professional Conduct 8.4(b) (criminal act that reflects adversely on lawyer's honesty or fitness as a lawyer); 8.4(c) (conduct involving dishonesty, fraud,

deceit or misrepresentation); and 8.4(d) (conduct prejudicial to the administration of justice). Respondent has filed an answer to the petition attacking both California's disbarment procedures and the underlying convictions. By order filed February 24, 1997, we directed the respondent to show cause why he should not receive discipline identical to that imposed by the Supreme Court of California.

Respondent was admitted to practice law in Minnesota on February 18, 1969 and began practicing in California in 1976. His license to practice law in Minnesota is currently suspended for non-payment of his attorney registration fee and he is on CLE restricted status. On June 25, 1991, respondent was convicted in California of three felony counts of mail fraud and one felony count of racketeering for his involvement as an attorney in a network of Southern California attorneys, referred to as the "Alliance." The Alliance defrauded insurance companies of millions of dollars in legal fees through manipulating and prolonging complex civil litigation. In September 1991, respondent was sentenced to 46 months on each count, to run concurrently, and fined $100,000.

■ On February 14, 1996, the California State Bar Court recommended respondent's disbarment in accordance with Cal. Bus. & Prof.Code § 6102(c), California's summary disbarment statute.[1] The statute mandates disbarment of an attorney convicted of a felony perpetrated within the course of the practice of law which involves the specific intent to deceive, defraud, steal or make a false statement. The Supreme Court of California ordered summary disbarment on May 1, 1996. The Director of Minnesota's Office of Lawyers Professional Responsibility now requests that respondent receive identical discipline in this state pursuant to Rule 12(d), RLPR, which provides in relevant part,

[Following an order to show cause], this Court may thereafter impose the identical discipline unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota.

■ We decline to impose reciprocal discipline at this time. While we recognize that the use of reciprocal discipline promotes the conservation of judicial resources, *In re Morin*, 469 N.W.2d 714, 717 (Minn.1991), we will impose reciprocal discipline only when we are persuaded that the attorney was afforded sufficient due process in the underlying proceedings to meet our standards of fundamental fairness. Accordingly, we have examined the California summary disbarment proceedings in light of the Minnesota Lawyers Professional Responsibility Rules, and our need to protect the public and the court and to deter future misconduct. *In re Weyhrich*, 339 N.W.2d 274, 279 (Minn.1983).

Critical to our inquiry is the question of whether California provided the respondent the opportunity for a hearing at which he could present evidence of good character and other mitigating circumstances. *See In re Morin*, 469 N.W.2d 714, 716 (Minn.1991) (where we considered the fact that Montana offered the respondent attorney a hearing in determining that reciprocal discipline should be imposed). Even in cases involving felony convictions, this court does not automatically disbar attorneys, but will consider the circumstances surrounding the criminal act to determine if some discipline, short of disbarment, is appropriate. *In re Hedlund*, 293 N.W.2d 63, 66 (Minn.1980).

California did not afford the respondent the opportunity for a disciplinary hearing. California Business and Professions Code § 6102(c), under which the respondent was disciplined, requires that an attorney be summarily disbarred *regardless of mitigating circumstances* if the elements of the statute

---

1. Cal. Bus. & Prof.Code § 6102(c) provides:
   After the judgment of conviction of an offense * * * has become final * * * the Supreme Court shall summarily disbar the attorney if the conviction is a felony under the laws of California or of the United States which meets both of the following criteria:

   (1) An element of the offense is the specific intent to deceive, defraud, steal, or make or suborn a false statement.
   (2) The offense was committed in the course of the practice of law or in any manner such that a client of the attorney was a victim.

are met. *In re Utz,* 48 Cal.3d 468, 256 Cal.Rptr. 561, 568, 769 P.2d 417, 424 (1989) (emphasis added). Because California does not afford a hearing to attorneys disciplined pursuant to Cal. Bus. & Prof.Code § 6102(c) and does not allow the consideration of mitigating circumstances, we decline to hold that California's summary disbarment procedures provide a proper basis for the imposition of reciprocal discipline.

██ While reciprocal discipline is not yet warranted, we are persuaded that the respondent's felony mail fraud and racketeering convictions necessitate immediate suspension pending a disciplinary hearing and final determination as to appropriate discipline. *See* Rule 12(d) (in the event that reciprocal discipline is not appropriate, this court may order such other discipline and proceedings we deem proper). Given the serious nature of the crimes committed by respondent and the fact that the crimes were committed within the practice of law, "it would be inappropriate, pending final determination of disciplinary proceedings, to hold out the [r]espondent as an attorney who poses no risk of injury to the public and who is entitled to the unquestioned trust and confidence of clients, judges, and lawyers." *In re Plowman,* 463 N.W.2d 497 (Minn.1990) (citation omitted). We reject respondent's challenge to the underlying convictions. Conviction of a crime in any American jurisdiction is conclusive evidence that the attorney committed the conduct for which he or she was convicted. Rule 19(a), RLPR.

██ We caution respondent that he bears a heavy burden in demonstrating that he should not be disbarred from the practice of law in Minnesota. A felony conviction generally warrants disbarment unless significant mitigating factors exist. *In re Anderley,* 481 N.W.2d 366, 369 (Minn.1992). This court has typically imposed disbarment in cases where attorneys have been convicted of mail fraud, racketeering or conspiracy. *See, e.g., id.* at 369–70 (mail fraud in connection with legal representation of insurance company); *In re Kraemer,* 361 N.W.2d 402 (Minn.1985) (mail fraud, conspiracy, interstate transportation of stolen goods, and theft); *In re Holman,* 322 N.W.2d 726 (Minn.1982) (mail fraud, racke-

teering, and transportation of property obtained by fraud).

The court, having considered all of the facts and circumstances surrounding this matter, NOW ORDERS:

1. That the respondent, Lewis M. Koss, is hereby immediately temporarily suspended from the practice of law in Minnesota pending final determination of disciplinary proceedings instituted pursuant to Rule 12(d), RLPR and this opinion; and

2. That the respondent shall have until April 12, 1999, six months following his currently scheduled prison release date, to move this court to schedule the disciplinary hearing contemplated by Rule 14, RLPR and that if he fails to file a motion within this time period, this court will order the respondent's disbarment in accordance with Rules 12(d) and 15, RLPR.