In Re Petition for DISCIPLINARY ACTION AGAINST Douglas E. ROFF, an Attorney at Law of the State of Minnesota.

No. C4–96–2090.

Supreme Court of Minnesota.

July 2, 1998.

Edward J. Cleary, Director, Candice M. Hogan, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for Director.

Douglas E. Roff, Pro Se, Phoeniz, AZ.

## OPINION

PER CURIAM.

In September 1996, the Arizona Supreme Court disbarred Douglas E. Roff for misappropriation of client funds, trust account violations, failure to adequately protect his clients' interests after his suspension, and failure to cooperate with attorney discipline proceedings. The Director of the Minnesota Office of Lawyers Professional Responsibility then petitioned this court for the reciprocal discipline of Roff in Minnesota. However, the director was unable to locate Roff, so in January 1997 we ordered Roff suspended and gave him one year to move to vacate the order. That year has passed, and Roff has not responded to the order or to follow-up correspondence from the director, nor has he moved to vacate the order for suspension or for leave to answer the disciplinary petition. Roff has also failed to respond to an order to show cause why appropriate disciplinary action should not be taken against him. Thus, we order that Roff be disbarred from the practice of law in Minnesota.

Roff was admitted to the practice of law in Minnesota on October 5, 1979, but it is not clear whether he ever practiced law here. In October 1985, he was suspended from the practice of law in Minnesota because he failed to pay his attorney registration fee, and he has been suspended in Minnesota ever since. Roff did practice law in Arizona, where he was admitted to the bar in 1980. In September 1993, he was suspended in Arizona for failure to pay his state bar dues, and in May 1994, he was suspended for fail-

ure to comply with continuing legal education requirements.

The Arizona State Bar filed a complaint against Roff on June 14, 1995. The complaint alleged two counts of misconduct. First, the complaint alleged that Roff misappropriated client funds. Roff received about $40,000 on behalf of his client Selma Squillante. Roff forwarded $3,000 to Squillante, but the complaint alleged that he misappropriated the remaining $37,000. In response to inquiries from the Arizona State Bar, Roff initially stated that he had invested the money. However, he failed to account for the funds and did not respond to requests for further information regarding the alleged investments.

The second count of misconduct alleged that Roff failed to properly withdraw from his law practice after he was suspended in September 1993. The complaint alleged that although he closed his law office, he failed to notify his clients, to surrender his clients' property and papers, or to refund unearned advance fee payments to his clients.

Roff did not participate in the disciplinary proceedings against him in Arizona. Roff told the Arizona State Bar that he would accept service of the complaint, but all efforts to serve him failed. He eventually was served through the disciplinary clerk under a process provided for by Arizona's procedural rules. Because Roff failed to respond to the complaint, the allegations were deemed admitted. Although Roff was notified of his opportunity to object to a hearing officer's report on the matter and to file a statement with the Arizona Disciplinary Commission that reviewed the report, he did not object or file a statement. Further, he did not request oral argument before the disciplinary commission.

The disciplinary commission concluded that Roff had violated a number of Arizona's professional rules. The commission stated that Roff had presented no mitigating factors and that a number of aggravating factors were present:

Roff had a dishonest or selfish motive, the multiple offenses * * * create a pattern of misconduct, he exhibited a bad faith obstruction of the disciplinary proceeding by

intentionally failing to comply with the disciplinary process, he submitted a false statement to the State Bar during its investigation, and he has exhibited an indifference to making restitution.

Therefore, the commission recommended that Roff be disbarred. Roff did not appeal the commission's recommendation. The Arizona Supreme Court declined the opportunity to review the matter and ordered that Roff be disbarred.

Following Roff's disbarment in Arizona, the Director of the Minnesota Office of Lawyers Professional Responsibility petitioned this court, seeking the reciprocal discipline of Roff. The director attempted to serve the petition on Roff by mail by sending copies to his last two known addresses, both in Phoenix, Arizona. The petitions were returned stamped "moved left no address." The director then attempted to mail a copy of the petition to another Arizona address that was listed as Roff's attorney registration address of record. This petition was returned stamped "forwarding address expired." The director then applied to this court for an order suspending Roff under Minn. R. Prof. Conduct 12(c), allowing for the suspension of an attorney who cannot be located. On January 14, 1997, we issued an order suspending Roff and giving him one year to move to vacate the order. The director attempted to contact Roff again, this time to warn him of his responsibilities under Rule 26, Rules on Lawyers Professional Responsibility (RLPR), to notify any clients of his suspension and to file an affidavit with the director showing compliance with the rule. The director sent two letters to Roff's last known addresses, but both letters were returned as undeliverable.

On January 20, 1998, the director petitioned for an order to show cause why appropriate discipline should not be imposed against Roff. We granted the petition and ordered Roff to appear on May 13, 1998 to show cause why he should not be disciplined. A copy of this order was mailed to Roff in Arizona, but was returned as undeliverable. The order was then published in both Arizona and Minnesota. *See* Rule 12(c)(2),

RLPR (authorizing service by publication). On April 7, 1998, the director filed his brief, arguing that reciprocal discipline should be imposed and thus Roff should be disbarred in Minnesota. Roff failed to file a brief or to appear at oral argument.

## I.

Rule 12(d), RLPR, explains when reciprocal discipline is appropriate:

> [Following an order to show cause], this Court may thereafter impose the identical discipline unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota.

Therefore, we may impose reciprocal discipline on Roff if the Arizona proceedings were fair and consistent with due process, and if similar discipline would be warranted in Minnesota. We recently reiterated that "we will impose reciprocal discipline only when we are persuaded that the attorney was afforded sufficient due process in the underlying proceedings to meet our standards of fundamental fairness." *In re Koss,* 572 N.W.2d 276, 277 (Minn.1997).

Roff's case is procedurally similar to *In re Morin,* 469 N.W.2d 714 (Minn.1991). In *Morin,* Montana disciplinary authorities had disbarred attorney Morin for client neglect, misrepresentations to clients, and failure to cooperate with the disciplinary proceedings. *Id.* at 715–16. Morin did not answer the Montana petition or appear at the Montana disciplinary hearing on the matter, and as a result the Montana Supreme Court deemed the allegations admitted and disbarred Morin. *Id.* at 716. The Minnesota director filed a petition against Morin based on the misconduct in Montana. *Id.* The Minnesota director was unable to locate Morin, and thus Morin did not participate in the Minnesota disciplinary proceedings either. *Id.* Despite Morin's failure to participate in the Montana proceedings, we concluded that the "Montana procedure was fundamentally fair and merits our deference" because Morin was served with the complaint against him and had notice of the hearing. *Id.* at 717. As such, he was afforded due process because he "had an opportunity to contest the misconduct alleged and chose not to do so." *Id.*

Similarly, Roff chose not to participate in the Arizona disciplinary proceedings. Nevertheless, he was initially in contact with the disciplinary authorities and knew that a complaint was going to be filed against him. The Arizona disciplinary authorities filed a complaint, held a hearing, and prepared a report for the Arizona Supreme Court. At each phase of the proceeding, Roff had the opportunity to present a defense and offer mitigating circumstances. Instead, he chose not to participate in the disciplinary proceedings. Under *Morin,* Roff's failure to participate in the disciplinary proceedings does not mean that he was denied due process as long as he had the opportunity to respond to the allegations. Arizona did provide him with such an opportunity. Therefore, we conclude that the Arizona procedure was fundamentally fair and consistent with due process, and thus merits our deference.

## II.

Rule 12(d), RLPR, provides that reciprocal discipline should be imposed only if similar discipline would be warranted in Minnesota. Rule 12(d) also provides that "[u]nless the Court determines otherwise, a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota."

The Arizona disciplinary authorities concluded that Roff violated a number of professional rules, including the misappropriation of client funds, trust account violations, failure to adequately represent his clients' interests after his suspension, and failure to cooperate with the disciplinary proceedings. Arizona's conclusions establish Roff's misconduct for purposes of this disciplinary proceeding. *See* Rule 12(d), RLPR. Roff's misconduct in Arizona violates a number of Minnesota rules, including Minn. R. Prof. Conduct 1.1 (lack of competence), 1.3 (lack of diligence), 1.4 (failing to maintain adequate communication), 1.15 (failing to safekeep

client property), 1.16 (failing to properly terminate representation), 8.1(a) (making false statements to disciplinary authorities), and 8.4 (committing professional misconduct); Rule 26, RLPR (failing to notify clients of suspension); and Lawyers Professional Responsibility Board Opinion 9 (committing trust account violations).

The misappropriation of client funds in itself is a serious matter that often warrants disbarment absent proof of any mitigating circumstances. *See, e.g., In re Ruttger,* 566 N.W.2d 327, 331 (Minn.1997); *In re Strom,* 551 N.W.2d 715, 717 (Minn.1996). In *Strom,* this court disbarred an attorney who had misappropriated client funds in another state and failed to participate in the disciplinary proceedings in Minnesota. *Id.* at 717–18. Similarly, Roff has failed to participate in the disciplinary proceedings in Arizona or in Minnesota, and he has not offered proof of any mitigating circumstances.

Roff's other misconduct, including his failure to adequately represent his clients' interests after his suspension and his trust account violations, offers additional grounds to support his disbarment. For example, in *Morin,* we imposed the reciprocal discipline of disbarment of an attorney who had neglected client matters and made misrepresentations to clients in another state. 469 N.W.2d at 717. Because the disbarment of Roff in Arizona was not "unjust or substantially different from discipline warranted in Minnesota," imposing the reciprocal disbarment of Roff is in accord with Rule 12(d). We are satisfied that Roff had an opportunity to contest the alleged misconduct and chose not to do so, and that his misconduct is of a sufficiently serious nature to warrant his disbarment.

Respondent Douglas E. Roff is hereby disbarred.