In re Petition for DISCIPLINARY ACTION AGAINST Jeanne Therese CHACON, an Attorney at Law of the State of Minnesota.

No. C0–96–1261.

Supreme Court of Minnesota.

July 30, 1998.

Jeanne Therese Chacon, Shakopee, pro se.

Edward J. Cleary, Director, Eric T. Cooperstien, Asst. Director, Office of Professional Responsibility, St. Paul.

## OPINION

PER CURIAM.

We determine the appropriate discipline for attorney Jeanne Therese Chacon, convicted twice of passing fraudulent checks, failing to respond to inquiries regarding failure to communicate and the neglect of two client matters and currently under an order of suspension from the practice of law. Chacon has made no effort to have the order vacated or to answer the charges of misconduct. We therefore conclude that the appropriate discipline is disbarment.

In December 1995 the Director of the Office of Lawyers Professional Responsibility (Director) received complaints against Chacon for failing to communicate and neglecting the matters of two clients. Over several months the Director's office attempted to locate Chacon, and failing to do so, it filed a petition with this court pursuant to Rule 12(c)(1), Rules on Lawyers Professional Responsibility (RLPR), for an order suspending Chacon from the practice of law. We granted the petition on June 26, 1996, ordered Chacon's suspension and provided in the suspension order that Chacon had 1 year from that date to move to vacate the order of suspension and for leave to answer the disciplinary petition. Failing to avail herself of this opportunity, the Director now petitions this court for Chacon's disbarment, citing as grounds Chacon's criminal conviction for check forgery and her neglect and failure to communicate in the matters of two clients. On May 5, 1998, the Director filed a supplementary petition for disciplinary action citing a second criminal conviction for check forgery committed while Chacon was awaiting sentencing on the first conviction.

The only contact the Director's office has had with Chacon since she was suspended from the practice of law in June 1996 was a telephone call from her to the Assistant Director on December 11, 1996, in which the Assistant Director informed Chacon that she had been suspended from the practice of law and that she would have to move to vacate the suspension. Chacon responded that she was in a treatment program for chemical dependency. Chacon made no further attempts to contact the Director. On March 23, 1998 we issued an order to show cause why she should not be disbarred returnable on June 4, 1998. Unable to locate Chacon the Assistant Director arranged for service of the order by publication pursuant to RLPR 12(c)(2). Shortly after Chacon had been served by publication however, the Assistant Director learned from Chacon's probation officer that her probation had been revoked on April 14, 1998 and that she could be found at the Minnesota Correctional Facility at Shakopee. The Assistant Director thereupon mailed a copy of the order to show cause to her there, but similar to all other opportunities afforded her to answer the various allegations, she failed to respond to the order.

The first ground for disbarment asserted by the Director is Chacon's convictions for check forgery. On May 30, 1996, Chacon pled guilty to a criminal offense of forging checks drawn on her friend's and her mother's bank accounts. The Director claimed that Chacon forged and cashed 47 checks totaling $4,480 from her friend's checking account between July 5 and October 25, 1995 and forged and cashed nine checks from her mother's checking account totaling $4,300 in November 1995. At the plea hearing, Chacon admitted to forging checks from the two

accounts totaling over $2,500 and said that she "thought it might be around $5,000." From the record, it appears that Chacon pled guilty to a felony which could be reduced to a gross misdemeanor upon successful completion of her sentence. Approximately 5 months after her felony plea the district court ordered a stayed imposition of sentence for a period not to exceed 5 years and placed Chacon on probation subject to conditions. Eighteen months later, on April 14, 1998, Chacon was back in court pleading guilty to a gross misdemeanor charge of obstruction of justice and felony check forgery for again fraudulently passing checks in October 1997—four on this occasion, totaling $920. Soon thereafter, because Chacon violated the conditions of her probation by among other things, failing to report to probation as directed, failing to keep probation informed of her whereabouts, and failing to pay restitution, the district court vacated the order staying execution of sentence and Chacon is now incarcerated at the Shakopee Correctional Facility.

The second ground for disbarment is Chacon's failure to communicate and neglect of client matters in violation of Minn. R. Prof. Cond. 1.4 and 1.3. Tom Christiansen retained Chacon in early 1995 to represent him in a lawsuit against the City of Minneapolis and a garbage hauler concerning the loss of Christiansen's boat dock, paying her a $1,000 retainer. Chacon negotiated a settlement and advised the district court that she would draft an agreement and submit it to the court for approval. She failed to do so, but in several conversations with Christiansen during the months of July and August 1995 told him that she had sent the draft to the judge. Christiansen finally contacted the judge's chambers and discovered that as of November 20, 1995, the court had not received the draft agreement from Chacon.

Christiansen also had an agreement with Chacon to represent him in a lawsuit against an individual and paid her a $700 retainer on August 17, 1995. Chacon failed to show up for a scheduled meeting with Christiansen on August 22, 1995, and despite Christiansen's several efforts to contact Chacon by telephone in September, he could only leave messages on her answering machine. Chacon did not respond to the messages until October 5, 1995 when she admitted that she had made some errors but assured Christiansen she would rectify them. She did not, and several weeks later, after not hearing from Chacon, Christiansen discovered that her phone had been disconnected. On November 20, 1995, Christiansen sent Chacon a certified letter complaining about her neglect of his legal matter and asked for a refund of his retainer and return of his files. Not surprisingly, Chacon did not respond to this letter either, and has not returned Christiansen's retainer or his files despite his request for her to do so.

The third ground for disbarment is another failure to communicate and client neglect allegation, this relating to Mille Woodbury. Woodbury retained Chacon in August 1995 to represent her in a 4-day evidentiary hearing scheduled for September 1995 concerning Woodbury's motion for permanent spousal maintenance. Chacon did not appear for the first 3 days of the hearing but showed up on September 28, 1995, the fourth day of the hearing, only to ask for a continuance. The court granted the continuance and directed Chacon to prepare an order to be signed by the court. Chacon failed to prepare the order, and as a consequence, on February 21, 1996, the district court sanctioned Chacon $250 and ordered her to pay the sanction to the Ramsey County court administrator within 30 days of the order. Chacon has not paid the sanction as ordered by the district court, nor has she performed any service on behalf of her client after the court granted the continuance in September. She failed to respond to discovery requests from opposing counsel, failed to keep Woodbury informed, and failed to return any of Woodbury's telephone calls or respond to her letters. To Woodbury's great prejudice, Chacon also failed to inform her that opposing counsel filed a motion to dismiss the case in early February 1996, and although Woodbury retained new counsel to represent her in the matter in mid-February, her new counsel did not learn of the motion to dismiss and failed to appear at the hearing scheduled on March 5, 1995. Woodbury's motion for permanent

spousal maintenance was therefore dismissed with prejudice.

We first address the Director's argument that we should deem the allegations in the petition admitted by Chacon because she has failed to respond to the petition of suspension, the petition for disbarment or the order to show cause, citing our decision in *In re Pottenger*, 567 N.W.2d 713 (Minn.1997), as authority. In *Pottenger* the Director was unable to contact an attorney during an investigation and, as we did here, we suspended the attorney from the practice of law, allowing her 1 year to move to vacate the order of suspension and for leave to answer the disciplinary petition. *Id.* at 715. The attorney, Susan Marie Pottenger failed to take the necessary steps to challenge the petition within a year of her suspension, failed to respond to this court's order to show cause why appropriate disciplinary action should not be taken against her, and as a consequence we concluded:

> If Pottenger did not receive actual notice of these proceedings, it is only because of her own decision to abandon the practice of law and to avoid service. Accordingly, it is proper to deem admitted the allegations contained in the director's petition.

*Id.* at 716. Based on our opinion in *Pottenger*, we agree with the Director and conclude that it is appropriate to deem admitted the Director's allegations in the petition for disciplinary action against Chacon. We therefore determine that Chacon's convictions for check forgery violated Minn. R. Prof. Cond. 8.4 and that her failure to communicate and neglect of clients matters entrusted to her by Christensen and Woodbury violated Minn. R. Prof. Cond. 1.4 and 1.3.

We turn now to the question of what discipline is appropriate in light of Chacon's serious and repeated misconduct. The Director recommends Chacon's disbarment. The purpose of attorney discipline is not to punish the attorney but "to guard the administration of justice and to protect the courts, the legal profession and the public." *In re Serstock*, 316 N.W.2d 559, 561 (Minn.1982) (citation omitted). We have disbarred attorneys in the past based on felony convictions outside of the practice of law. In *In re Reutter*, 361 N.W.2d 68 (Minn.1985), we dis-

barred an attorney for cocaine distribution. In *In re Ray*, 408 N.W.2d 581 (Minn.1987), we disbarred an attorney based on his conviction for livestock theft, theft by swindle, and theft by false representation stating:

> An attorney's conviction for theft, fraud, or embezzlement has long been treated as serious professional misconduct often warranting disbarment. This court has also stated, however, that "felony convictions do not result in automatic disbarment," and that we "will look at the circumstances surrounding the criminal act to see whether some discipline less than disbarment would be appropriate."

*Id.* at 583 (citations omitted). In *Ray*, because the attorney had a history of being disciplined by this court involving probation and suspension, we concluded that in order to protect the public the attorney must be disbarred. *Id.* In *In re Clapp*, 536 N.W.2d 895 (Minn.1995), a case of attorney misconduct based on a federal felony conviction for obtaining funds from a federally insured financial institution by use of false and fraudulent pretenses, we considered the fact that the illegal activities were not connected with client representation and that the attorney had no history of being disciplined by this court. We therefore ordered an indefinite suspension for a period of not less than 5 years. *Id.* at 896.

To determine that conduct that violated the Minnesota Rules of Professional Conduct is of such a grievous nature as to compel disbarment is indeed a conclusion we do not reach lightly. But Chacon's criminal activity of passing forged checks, even though not in connection with client representation, was a repeated offense involving dishonesty, fraud and deceit that clearly "reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer" as provided in Minn. R. Prof. Cond. 8.4. Coupled with her neglect of client affairs involving ignoring court orders and substantial prejudice to her clients, we are lead to the inevitable conclusion that the only appropriate discipline is disbarment.

It is so ordered.