## IN RE APPLICATION FOR DISCIPLINE OF
## TILMER EUGENE THOMPSON.

209 N. W. 2d 412.

July 6, 1973—No. 39495.

*R. B. Reavill,* Administrative Director on Professional Conduct, and *Herbert C. Davis,* for petitioner.

*Tilmer Eugene Thompson,* pro se, for respondent.

*Melvin B. Goldberg,* for Legal Assistance to Minnesota Prisoners, amicus curiae.

PER CURIAM.

A petition has been filed with this court by the administrative director on professional conduct,[1] requesting the disbarment of Tilmer Eugene Thompson, who was convicted of first-degree murder. The petition was served upon respondent, and the matter was referred by this court to the Honorable Robert B. Gillespie, a judge of the Tenth Judicial District, for an evidentiary hearing. After a hearing in which respondent appeared pro se,

---

[1] The original petitioner was the State Board of Law Examiners. During the pendency of these proceedings, the functions of the State Board of Law Examiners were transferred to the State Board of Professional Responsibility and the state administrative director on professional conduct. 288 Minn. ix. By our order, the administrative director on professional conduct was substituted as petitioner herein.

the referee made findings of fact and a recommendation that respondent be disbarred as an attorney licensed to practice law in the State of Minnesota.

Respondent was licensed to practice law in Minnesota on October 4, 1955. On December 6, 1963, judgment was entered in Hennepin County District Court upon a jury verdict finding him guilty of murder in the first degree, and he was sentenced to the State Prison in Stillwater for a term of life imprisonment. By order of this court, dated May 4, 1964, he was suspended from the practice of law until the final determination of any appeal taken from his conviction. 268 Minn. 570, 129 N. W. 2d 46 (1964). Respondent's murder conviction was subsequently affirmed by this court. State v. Thompson, 273 Minn. 1, 139 N. W. 2d 490 (1966). The United States Supreme Court denied certiorari, 385 U. S. 817, 87 S. Ct. 39, 17 L. ed. 2d 56 (1966). A habeas corpus petition before the Federal district court was denied because respondent had not exhausted this state's postconviction remedies. Thompson v. Tahash, 286 F. Supp. 663 (D. Minn. 1968). Subsequently, the Hennepin County District Court denied respondent's petition for postconviction relief, and we affirmed that denial. Thompson v. State, 289 Minn. 270, 183 N. W. 2d 771 (1971).

Respondent claims that since he intends to file another habeas corpus petition in Federal district court his conviction is not final, and this proceeding should be delayed until his proposed petition is heard and finally determined. Federal habeas corpus provides a remedy for jurisdictional and constitutional errors at trial without any limit of time for filing the petition. United States v. Smith, 331 U. S. 469, 67 S. Ct. 1330, 91 L. ed. 1610 (1947); 28 USCA, § 2241. We should not be required to wait indefinitely for Federal habeas corpus petitions or speculate on the merits of possible future petitions. The conviction and the denial of postconviction relief have both been affirmed by this court. In our opinion, for the purposes of this disciplinary proceeding, respondent's conviction is finally affirmed.

Respondent requested the referee to appoint an attorney to represent him in these proceedings. Since respondent made no claim of indigency, however, we need not decide whether an attorney in disciplinary proceedings is entitled to court-appointed counsel.

Respondent also contended before the referee that the crime for which he was convicted did not relate directly to the practice of law. It is well settled, however, that murder by an attorney constitutes a ground for disciplinary action against him. Annotation, 21 A. L. R. 3d 887. Both the United States Supreme Court and this court have recognized murder as sufficient grounds for disbarment. Ex Parte Wall, 107 U. S. 265, 2 S. Ct. 569, 27 L. ed. 552 (1883); In re Discipline of Johnson, 274 Minn. 560, 143 N. W. 2d 382 (1966); In re Discipline of Ryan, 269 Minn. 577, 130 N. W. 2d 534 (1964). Respondent admitted before the referee that he has been convicted of first-degree murder, a felony. It is our judgment that this conviction requires his disbarment.

Respondent, in his pro se oral argument before this court, requested the privilege of affording legal advice to other prisoners while he is incarcerated. We directed the State Board of Law Examiners to study and consider this request. The board, after conducting hearings and after consulting with and receiving advice from the State Board of Professional Responsibility, the Minnesota public defender, the Minnesota Department of Corrections, Amicus, Inc., and Legal Aid for Minnesota Prisoners, concluded that "it is neither feasible nor advisable to grant to incarcerated felons within this state, who are or who have been admitted to the bar in Minnesota, the limited privilege, however restricted or regulated, of affording legal advice to other prisoners."

While it is not our intent to forever preclude incarcerated attorneys from using their legal training and experience to the benefit of fellow prisoners, we have concluded, based upon our own study and consideration as well as the report of the State

Board of Law Examiners, that we must deny respondent's request at this time.

We have considered other contentions made by respondent before the referee and find them without merit.

IT IS ORDERED that pursuant to the rules of this court respondent, Tilmer Eugene Thompson, be and he hereby is disbarred and his name shall be stricken from the roll of attorneys in this state.

MR. JUSTICE KELLY took no part in the consideration or decision of this case.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.