In the Matter of DONALD WEBER (Admitted as DONALD JEROME WEBER, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 1992

#### APPEARANCES OF COUNSEL

*Richard Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Donald Weber, was admitted to the practice of

law in the State of New York by the First Judicial Department on June 13, 1989, under the name Donald Jerome Weber, Jr. At all times pertinent to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On February 18, 1992, respondent pleaded guilty in the Circuit Court of Cook County, State of Illinois, to the crimes of murder in the first degree, in violation of chapter 38, paragraph 9-1 (a) (1) of the Illinois Revised Statutes (1987, as amended); armed robbery, in violation of chapter 38, paragraph 18-2 (a) of the Illinois Revised Statutes (1989, as amended); and concealment of homicidal death, in violation of chapter 38, paragraph 9-3.1 (a) of the Illinois Revised Statutes (1989, as amended). Respondent was sentenced to determinate terms of imprisonment of 70 years on the murder charge and 30 years on the armed robbery charge, to be served concurrently, and of five years on the charge of concealment of homicidal death, to be served consecutively. He is presently incarcerated at the Menard Correctional Center, Menard, Illinois.

Respondent's convictions stem from events which occurred in the spring of 1990, when he traveled to Chicago and shot his girlfriend to death in a dormitory at Northwestern University, after learning that she had been dating another individual. Respondent then took the victim's jewelry, which he later sold in Las Vegas, Nevada, and buried the body, wrapped in a sleeping bag, in a desolate area of the national forest in northern Arizona.

By petition dated June 11, 1992, the Departmental Disciplinary Committee (DDC) seeks to have respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), on the ground that the criminal conduct which resulted in respondent's conviction for murder in the first degree under chapter 38, paragraph 9-1 (a) (1) of the Illinois Revised Statutes would constitute the felony of murder in the second degree under Penal Law § 125.25 in the State of New York. Submitted in support of the petition are copies of the indictment, the plea proceeding transcript, and a Cook County certificate of conviction. Respondent was personally served with the DDC's petition on July 15, 1992, and has not, to date, interposed a response.

Chapter 38, paragraph 9-1 (a) (1) of the Illinois Revised Statutes, provides as follows:

"A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

"(1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another."

This statute is essentially similar to New York's Penal Law § 125.25, murder in the second degree, which provides as follows:

"A person is guilty of murder in the second degree when:

"1. With intent to cause the death of another person, he causes the death of such person or of a third person."

Thus, the crime for which respondent was convicted in the State of Illinois is a felony as defined in Judiciary Law § 90 (4) (e), and his disbarment was automatic and effective immediately upon conviction.

Accordingly, the petition should be granted, and respondent's name stricken from the role of attorneys (*Matter of Margiotta*, 60 NY2d 147; *Matter of Phillips*, 100 AD2d 69).

MURPHY, P. J., ROSENBERGER, ASCH, KASSAL and RUBIN, JJ., concur.

Petition granted, and respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, effective December 3, 1992.