The **PEOPLE** of the State of Colorado, Complainant,

v.

Gary A. **DRAIZEN**, Attorney–Respondent.

No. 97SA64.

Supreme Court of Colorado,
En Banc.

July 14, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Gary A. Draizen, pro se Aiea, Hawaii.

**PER CURIAM.**

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent in this lawyer discipline case be disbarred following his conviction for second-degree murder. We accept the panel's recommendation.

I

The respondent was licensed to practice law in Colorado in 1977. This disciplinary proceeding was commenced following the respondent's conviction for murder in the second degree. C.R.C.P. 241.16 provides in relevant part:

> (a) **Proof of Conviction.** Except as otherwise provided by these Rules, a certificate from the clerk of any court of criminal jurisdiction indicating that a lawyer has been convicted of a crime in that court shall conclusively establish the existence of such conviction for purposes of disciplinary proceedings in this state and shall be conclusive proof of the commission of that crime by the respondent.

> . . . .

> (c) **Commencement of Disciplinary Proceedings Upon Notice of Conviction . . . .**

> If the conviction is for a serious crime as hereinafter defined, the Disciplinary Counsel shall obtain the record of conviction and prepare and file a complaint against the respondent as provided in C.R.C.P. 241.12.

> If a complaint is filed against a respondent pursuant to the provisions of this Rule, the Disciplinary Counsel shall present proof of the criminal conviction and may present any other evidence which he deems appropriate. If the respondent's criminal conviction is either proved or admitted, the respondent shall have the right to be heard by the hearing board only on matters of rebuttal of any evidence presented by the Disciplinary Counsel other than proof of the conviction.

■ Pursuant to an order granting summary judgment, the hearing board found that on April 23, 1996, the respondent was convicted of murder in the second degree, *see* Haw.Rev.Stat. § 707–701.5 (1993), in the Circuit Court of the First Circuit, State of Hawaii. On November 25, 1996, the respondent was sentenced to life imprisonment with the possibility of parole. *See* Haw.Rev.Stat. § 706–656 (1993). Haw.Rev.Stat. § 707–701.5 (1993) provides in relevant part:

(1) ... [A] person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person.

(2) Murder in the second degree is a felony for which the defendant shall be sentenced to imprisonment as provided in section 706–656.

Second-degree murder is a felony and is therefore a "serious crime" under C.R.C.P. 241.16(e)(1). The hearing board found that on October 4, 1994, the respondent murdered Kathryn Jean Ramlow in the City and County of Honolulu, State of Hawaii. The respondent stabbed Ms. Ramlow, his girlfriend, more than twenty times with a large butcher-type knife.

The respondent did not appear at the hearing to offer evidence because he was incarcerated in Hawaii, although the board did consider the respondent's motion and answer to the trial management order as a written statement in mitigation.

The foregoing conduct violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects), and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).

## II

■ The hearing panel approved the hearing board's recommendation that the respondent be disbarred. The ABA *Standards for Imposing Lawyer Sanctions* 5.11(a) (1991 & 1992 Supp.), provides that in the absence of mitigating factors disbarment is generally warranted when "a lawyer engages in serious criminal conduct, a necessary element of which includes ... the intentional killing of another...."

Disbarment has long been considered the appropriate sanction when a lawyer murders another person. *See, e.g., Ex parte Wall,* 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552 (1883) (holding disbarment proper for lawyer who murders another, in this case by participating in lynching in front of a courthouse while court was in session); *In re Kirschke,* 16 Cal.3d 902, 129 Cal.Rptr. 780, 549 P.2d 548, 549 (1976) (disbarring lawyer convicted of first-degree murder of a spouse and the spouse's lover); *In re Thompson,* 296 Minn. 466, 209 N.W.2d 412, 413–14 (1973) (disbarring lawyer following conviction for first-degree murder); *Matter of Weber,* 183 A.D.2d 349, 591 N.Y.S.2d 372, 373 (1992) (automatic disbarment required for lawyer convicted of first-degree murder in Illinois which is a felony in New York); *see generally,* Annotation, *Homicide or Assault as Ground for Disciplinary Measures Against Attorney,* 21 A.L.R.3d 887, 889 (1968 & Supp.1996) ("Conduct of an attorney which amounts to murder has, in all cases treating the question, resulted in disbarment of the attorney, even where he has not actually been convicted of the murder.") (footnote omitted).

The respondent's objections and exceptions were stricken because he did not file a designation of record or request that the court reporter prepare a transcript as required by C.R.C.P. 241.20(b)(4). We also denied the respondent's motions for appointment of counsel under C.R.C.P. 241.20(c) because his motions failed to show the necessity of appointed counsel given the very limited issues remaining to be resolved at the hearing following summary judgment and the conclusiveness of the respondent's criminal conviction. We have examined the respondent's pleadings and motions filed in this case and have found that they do not raise the possibility that any reason exists for a sanction less than disbarment in this case. The absence of a previous history of discipline is of no moment in a case like this. Accordingly, we accept the hearing panel's action approving the hearing board's recommendation and order that the respondent be disbarred.

## III

It is hereby ordered that Gary A. Draizen be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately.

282 ▬             ▬

It is also ordered that, prior to any application for readmission and as a condition thereof, the respondent pay the costs of this proceeding in the amount of $454.14 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.