**In re Petition for DISCIPLINARY ACTION AGAINST Loren L. HEINEMANN, an Attorney at Law of the State of Minnesota.**

No. C2–99–384.

Supreme Court of Minnesota.

Feb. 24, 2000.

Edward J. Cleary, Director, Eric T. Cooperstein, Sr. Asst. Director, Office of Lawyers Prof. Resp., St. Paul, for appellant.

Loren L. Heinemann, Richton Park, IL, for respondent.

## OPINION

PER CURIAM.

Respondent Loren Heinemann has been licensed to practice law in Minnesota since 1984. Heinemann has been suspended for nonpayment of the attorney registration fees since April 1, 1985, and is on restricted Continuing Legal Education status. Heinemann has resided in and practiced law in Illinois since 1985. On December 11, 1996, the Illinois Attorney Registration and Disciplinary Commission (IARDC) filed a complaint against Heinemann.

Heinemann answered the complaint, and eventually stipulated to the facts alleged by the IARDC. Heinemann filed a motion requesting that the Illinois Supreme Court strike his name from the Master Roll of attorneys licensed to practice law in Illinois. On September 24, 1997, the Illinois Supreme Court granted the motion and Heinemann was disbarred.

The Director of the Office of Lawyers Professional Responsibility (the Director) received notice of the discipline from the IARDC on October 29, 1997. The Director mailed notices of investigation to Heinemann by certified mail, which were returned unclaimed. The Director then personally served Heinemann with a Notice and Petition for Disciplinary Action at his Illinois residence on February 3, 1999. Heinemann never filed an answer, nor did he ever respond to any of the Director's requests for participation in the disciplinary process. On October 8, 1999, the Director filed a motion for summary relief with this court. On October 14, 1999, due to the lack of response from Heinemann, the allegations of the petition were deemed admitted. The Director now requests that we impose reciprocal discipline on attorney Heinemann and disbar him from the practice of law in Minnesota pursuant to Rule 12(d) of the Rules on Lawyers Professional Responsibility (RLPR).

Heinemann was stricken by consent from the Master Roll of attorneys licensed to practice in Illinois on September 24, 1997, for multiple incidents of client neglect, and gross incompetence that resulted in both monetary loss and loss of recovery to his clients pursuant to Illinois Supreme Court Rule 762(a), Disbarment on Consent.[1] The IARDC documented seven cases of client neglect. All seven cases involved material misrepresentations to his clients as to the status of their cases. The IARDC concluded that Heinemann had engaged in the following acts of misconduct: (1) he failed to provide competent representation; (2) he counseled a client to engage in conduct that he knew was criminal or fraudulent; (3) he failed to act with reasonable diligence and promptness in representing a client; (4) he failed to reduce a contingent fee agreement to writing; (5) he failed to refund any part of fees paid in advance that had not been earned; (6) he engaged in conduct that involved dishonesty, fraud, deceit or misrepresentation; (7) he failed to expedite litigation consistent with the interests of his clients; (8) he engaged in conduct that was prejudicial to the administration of justice; and (9) he engaged in conduct that tended to bring the courts or the legal profession into disrepute.

In response to the IARDC statement filed against him, Heinemann retained legal counsel and filed both an answer and an amended answer.[2] Subsequently, Heinemann filed an affidavit stating that he had filed a motion with the Supreme Court of Illinois to strike his name from the Master Roll of attorneys licensed to practice in Illinois. The affidavit further stated that Heinemann had reviewed a copy of the statement of charges that was pending against him, and that if the matter proceeded to a hearing the evidence, as represented in the statement of charges, would clearly and convincingly "establish the facts and conclusion of the misconduct stated." The Supreme Court of Illinois granted Heinemann's motion, and he was

---

1. In Illinois an attorney may be stricken from the roll of attorneys through a process entitled "Disbarment on Consent." *See* Ill. S.Ct. R. 762(a) (1998). Disbarment on Consent permits the attorney under investigation to waive his or her right to a hearing and requires that the attorney file a motion and an affidavit stating that he or she has received a copy of the charges and acknowledging that there would be clear and convincing evidence sufficient to prove ethical misconduct at a hearing. *See id.* The attorney may petition for reinstatement after three years. *See* Ill. S.Ct. R. 767 (1998).

2. There were no indications of any mitigating circumstances explaining his behavior in either his answer or his amended answer to the IARDC statement.

struck from the Master Roll on September 24, 1997. The Director then requested, pursuant to RLPR 12(d), that this court impose reciprocal discipline on attorney Heinemann and disbar him in Minnesota.

The purpose for imposing identical disciplinary sanctions is to prevent a sanctioned attorney from avoiding the consequences of misconduct by simply moving his or her practice to another state. *See In re Disciplinary Action Against Morin*, 469 N.W.2d 714, 717 (Minn.1991). We have stated that we will impose reciprocal discipline against an attorney when similar discipline would be warranted in Minnesota for the same misconduct and when we are satisfied that the proceedings in the other jurisdiction were consistent with fundamental fairness and principles of due process. *See In re Schmidt*, 586 N.W.2d 774, 775–76 (Minn.1998). "In determining whether disciplinary proceedings are consistent with fundamental fairness and due process [this court reviews] the record of underlying proceedings to see if the lawyer being disciplined received notice of the allegations against him and whether he was provided an opportunity to respond to those allegations." *Id.*

Heinemann had fair notice and an opportunity to respond and be heard during the disciplinary process that resulted in his disbarment in the State of Illinois. He retained an attorney and answered the allegations against him as alleged by the IADRC. He voluntarily waived his right to a hearing and admitted that if he had received a hearing, the allegations against him would have been proven by clear and convincing evidence. Minnesota similarly permits attorneys under investigation to waive their right to a hearing, stipulate to facts alleged against them, and to stipulate to the discipline recommended by the Director. *See* RLPR 8(d)(3). There is nothing in the record to reflect that Heinemann was deprived of the opportunity to fully participate in the Illinois disciplinary process, or that the process itself was inconsistent with principles of due process.

Further, had Heinemann's misconduct occurred in Minnesota, disbarment is similar to the discipline he would have received. *See generally In re Chacon*, 581 N.W.2d 355, 357 (Minn.1998) (holding that disbarment is an appropriate sanction for an attorney with a felony conviction for passing forged checks, where the attorney failed to communicate and neglected client affairs resulting in substantial prejudice to clients). Clients lost money, causes of action and appeal rights because of Heinemann's neglect and mismanagement of their cases. In addition to missing court deadlines, Heinemann repeatedly and intentionally misrepresented to his clients the status of their cases and their responsibilities under the law, and he offered advice recommending that his clients engage in illegal conduct in order to circumvent the consequences of his mismanagement and neglect. Heinemann did not respond to the Director's petition or participate in any stage of Minnesota's disciplinary process, which in and of itself warrants disciplinary action. *See In re Engel*, 538 N.W.2d 906, 907 (Minn.1995).

We conclude that the seriousness of Heinemann's misconduct and his disbarment in Illinois warrant the imposition of reciprocal discipline in Minnesota.

Disbarment ordered.