In re Petition for DISCIPLINARY ACTION AGAINST Seth Patrick HARTIGAN, a Minnesota Attorney, Registration No. 29889X.

No. A05–1308.

Supreme Court of Minnesota.

April 25, 2007.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action seeking reciprocal discipline under Rule 12(d), Rules on Lawyers Professional Responsibility (RLPR), based on an order of the Wisconsin Supreme Court suspending respondent Seth Patrick Hartigan from the practice of law for a period of six months. On August 11, 2005, we suspended respondent under Rule 12(c), RLPR, because he could not be found in the state to respond to the allegations of the petition. On October 25, 2006, we ordered respondent to show cause why we should not impose appropriate discipline based on the allegations of the petition. On January 12, 2007, we ordered the Director to provide respondent with copies of the petition and our orders at an address furnished by respondent in the People's Republic of China and allowed respondent 45 days in which to respond to our order to show cause. Respondent did not respond to the order to show cause or otherwise respond to the petition; the petition's allegations are therefore deemed admitted under Rule 13(b), RLPR.

The petition alleges, and we find, that respondent: (1) accepted a laptop computer as payment for legal fees and retained it for his personal benefit without notifying his employer; (2) made misrepresentations to the Wisconsin Office of Lawyers Responsibility; (3) failed to appear in court on behalf of two clients; (4) failed to provide notice of withdrawal from representation; (5) failed to communicate with and pursue client matters; (6) failed to protect client interests; (7) made false representations to a tribunal; and (8) failed to return client property. This misconduct violated Rules 1.4(a) and (b), 1.16(d), 3.3(a)(1), 8.1(a), and 8.4(c), Minn. R. Prof. Conduct.

Respondent was suspended by the Wisconsin Supreme Court for six months. *Office of Lawyer Regulation v. Hartigan,* 277 Wis.2d 341, 690 N.W.2d 831, 835 (2005). We conclude that the same discipline is appropriate here. *See In re Heinemann,* 606 N.W.2d 62, 64 (Minn.2000) (reciprocal discipline prevents attorneys sanctioned in one jurisdiction from avoiding the consequences of their misconduct by moving to another jurisdiction).

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent is suspended from the practice of law for six months. The petition and hearing process provided by Rule 18, RLPR, is not waived. Respondent shall pay the sum of $900 in costs pursuant to Rule 24(a), RLPR.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice