The PEOPLE of the State of
Colorado, Complainant,

v.

Karen Lee SIMS, Respondent.

No. 07PDJ045.

June 19, 2008.

**REPORT, DECISION, AND ORDER IM-
POSING SANCTIONS PURSUANT
TO C.R.C.P. 251.19(c)**

On April 16, 2008, the Presiding Disciplin-
ary Judge ("the Court") held a Sanctions
Hearing pursuant to C.R.C.P. 251.18(d).
Lisa E. Frankel appeared on behalf of the
Office of Attorney Regulation Counsel ("the
People"). Karen Lee Sims ("Respondent")
did not appear nor did counsel appear on her
behalf. Respondent is presently incarcerated
in a state penal institution in California fol-
lowing her conviction of 1st Degree Murder.
Although the Court invited her to participate
by telephone, Respondent did not contact the
Court on the date of the hearing. The Court
now issues the following "Report, Decision,
and Order Imposing Sanctions pursuant to
C.R.C.P. 251.19(c)."

## I. *ISSUE*

Disbarment is the presumptive sanction when a lawyer intentionally kills another. A jury convicted Respondent of 1st Degree Murder in violation of California Penal Code § 187(a) after she shot her husband ten times with a shotgun. Respondent provided the Court with a letter relating her version of the events but otherwise failed to participate in these disciplinary proceedings. Giving full faith and credit to the California criminal proceedings, is disbarment the appropriate sanction?

The Court concludes that disbarment is the only appropriate sanction under applicable Colorado law and ABA *Standards* 5.11. *SANCTION IMPOSED:* **ATTORNEY DISBARRED.**

## II. *PROCEDURAL HISTORY*

The People filed both a "Complaint" and a "Petition for Immediate Suspension" pursuant to C.R.C.P. 251.8 with the Court on July 19, 2007. Respondent failed to respond to either pleading. On August 22, 2007, the Court issued a report and recommended that the Colorado Supreme Court immediately suspend Respondent from the practice of law. The Colorado Supreme Court immediately suspended her on August 27, 2007.[1]

On December 18, 2007, the People filed "Complainant's Motion for Default." Respondent failed to respond to the motion and the Court entered a default judgment against her on January 18, 2008. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established. *People v. Richards,* 748 P.2d 341, 346 (Colo.1987). The People's complaint charged Respondent with violations of Colo. RPC 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) and C.R.C.P. 251.5(b) (misconduct by an attorney consists of any act or omission which violates the criminal laws of this state or any other state).

## III. *FINDINGS OF FACT*

The Court adopts and incorporates by reference the established facts and rule violations detailed in the complaint.[2] Respondent took and subscribed the oath of admission and gained admission to the Bar of the Colorado Supreme Court on May 16, 1990. She is registered upon the official records, Attorney Registration No. 19406, and is therefore subject to the jurisdiction of the Court in these proceedings.

In September 2005, Respondent was arraigned for the murder of her husband after she allegedly shot him ten times with a shotgun. A jury trial was held August 14–28, 2006. On August 28, 2006, a jury convicted her of 1st Degree Murder, in violation of California Penal Code § 187(a) and additionally tied two sentence "enhancements" to the crime. The jury found that Respondent personally and intentionally discharged a firearm and proximately caused great bodily injury during the commission of a felony as contemplated by California Penal Code § 12022.53(d)(2). The jury also found the lesser enhancement of personally using a firearm in the commission of a felony as contemplated by California Penal Code § 12022.5(a).

Respondent was thereafter sentenced to an indeterminate term of 25 years to life for her conviction of 1st Degree Murder; an indeterminate term of 25 years to life for the enhancement pursuant to § 12022.53(d), to run consecutive to the sentence for 1st Degree Murder; and 4 years for the enhancement pursuant to § 12022.5(a), which was stayed.

## IV. *SANCTIONS*

The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA

---

1. The Court received a letter from Respondent on September 4, 2007. The letter purported to be a response to the Court's show cause order, yet it failed to address any of the allegations contained in the People's "Petition for Immediate Suspension."

2. *See* the People's "Complaint" filed July 19, 2007.

*Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint in evaluating the first three factors listed above. The Court finds Respondent violated duties owed to the public and the legal profession. Respondent specifically violated her duty to uphold the laws of the state and failed to maintain the standards of personal integrity upon which the community relies. The entry of default established that Respondent engaged in her misconduct (committed murder) with malice aforethought and caused serious harm to the victim and the public.[3] The public expects a lawyer to be honest and to abide by the law and its confidence in the integrity of officers of the court is undermined when lawyers engage in illegal conduct.

The Court finds aggravating factors exist in this matter including failure to cooperate with the People in these proceedings, and substantial experience in the practice of law. *See* ABA *Standards* 9.22(e) and (i). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor. Respondent presented no evidence in mitigation. However, the Court finds that Respondent had no prior disciplinary record and that she received a substantial sentence in the criminal proceedings for her misconduct. *See* ABA *Standards* 9.32(a) and (k).

The Court also finds that Respondent generally raised, and the People generally acknowledged, that she might suffer from emotional and personal problems. Although other mitigating factors might exist, the Court cannot consider any due to Respon-

dent's failure to participate in these proceedings. The Court, however, considered Respondent's handwritten letter explaining her husband's death. Nevertheless, the Court must accept the jury's verdict, which presumably afforded Respondent her Constitutional rights, including the presumption of innocence and the need for any verdict to be based upon proof beyond a reasonable doubt.

ABA *Standards* 5.11 presumptively calls for disbarment when a lawyer intentionally takes the life of another human being. A lawyer who engages in such conduct has violated one of the most basic professional obligations to the public, the pledge to maintain personal honesty and integrity. Except for a letter from Respondent explaining that the shooting of her husband was not intentional, there is no evidence presented in mitigation. Nevertheless, giving full faith and credit to the State of California's law and its jury finding that Respondent intentionally took her husband's life by shooting him 10 times with a firearm, the Court finds that the appropriate sanction is disbarment. This sanction is consistent with Colorado Supreme Court case law. *See People v. Draizen,* 941 P.2d 280 (Colo.1997) (Colorado Supreme Court disbarred an attorney convicted of second-degree murder in the State of Hawaii, despite attorney's lack of prior discipline).

## V. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaint reveal the serious danger Respondent poses to the public by her failure to abide by the law. She committed murder with malice aforethought and this misconduct adversely reflects on her fitness to practice law. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support disbarment. Upon consideration of the nature of Respondent's misconduct, her mental state, the significant harm caused, and the absence of mitigating factors,

---

**3.** *See* California Penal Code § 187(a).

the Court concludes there is no justification for a sanction short of disbarment.

## VI. *ORDER*

The Court therefore **ORDERS:**

1. **KAREN LEE SIMS,** Attorney Registration No. 19406 is **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this order.

2. **KAREN LEE SIMS** shall pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.