STATE OF MINNESOTA

IN SUPREME COURT

A14-0537

In re Petition for Disciplinary Action against
Patrick Scott Dinneen, a Minnesota Attorney,
Registration No. 293775.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Patrick Scott Dinneen committed professional misconduct warranting public discipline. The petition alleges that in the same litigation, respondent represented a client with interests directly adverse to his current clients, filed an unsigned affidavit with a court without having communicated with the affiant about the topics addressed in the affidavit or the affidavit itself, and made a knowingly false statement to a court, in violation of Minn. R. Prof. Conduct 1.7(a)(1), 3.3(a)(1) and (a)(3), and 8.4(c) and (d). In a stipulation for discipline, respondent unconditionally admits the allegations of the petition, waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and with the Director recommends that the appropriate discipline is a public reprimand and a 2-year period of unsupervised probation.

"[W]e have suspended attorneys for misrepresentations made to our judicial officers." *In re Jensen*, 542 N.W.2d 627, 634 (Minn. 1996). We have suspended attorneys when the attorney's misconduct involved a single misrepresentation to a court.

1

*See, e.g., In re Michael*, 836 N.W.2d 753, 758-59, 767 (Minn. 2013) (30-day suspension for making a false statement to a court, disobeying a court order, making a frivolous argument, and improperly accusing a judge of bias); *In re Warpeha*, 802 N.W.2d 361, 361 (Minn. 2011) (order) (60-day suspension for making a false statement about the attorney's criminal history during voir dire when he was a potential juror); *In re Van Liew*, 712 N.W.2d 758, 758 (Minn. 2006) (order) (90-day suspension for making false statement to a tribunal and failing to file opposition to a motion); *In re Scott*, 657 N.W.2d 567, 568 (Minn. 2003) (order) (30-day suspension for making false statements to a court in attorney's divorce and custody proceeding).

After the parties filed their stipulation for discipline, we issued an order to show cause in which we directed the parties to submit memorandum of law addressing why respondent should not be subject to more severe discipline because he made a false statement to a court and committed other acts of misconduct. Both the Director and respondent filed a memorandum in response to the order to show cause. Along with his memorandum, respondent submitted an affidavit providing evidence that several mitigating factors are present in his case.

The court has independently reviewed the file and, in light of the evidence of mitigating factors, approves the recommended disposition except for the terms of probation. Given respondent's misconduct at issue in this case, respondent's probation should be supervised.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1.    Respondent Patrick Scott Dinneen is publicly reprimanded;

2.    Respondent is placed on disciplinary probation for 2 years subject to the following terms and conditions:

a.    Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

b.    Respondent shall abide by the Minnesota Rules of Professional Conduct;

c.    Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Within 2 weeks from the date of the filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph d below. Respondent shall make active client files available to the Director upon request; and

d.    Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, action respondent took to ensure there were no conflicts

3

of interest with the representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

3.    Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

Dated: July 9, 2014

                              BY THE COURT:


                              _____
                              Alan C. Page
                              Associate Justice

4