STATE OF MINNESOTA

IN SUPREME COURT

A14-0024

Original Jurisdiction

Per Curiam
Took no part, Hudson, J.

In re Petition for Disciplinary Action against
Robert Andrew Huff, a Minnesota Attorney,
Registration No. 283502.

Filed: December 30, 2015
Office of Appellate Courts

_____

Martin A. Cole, Director, Timothy M. Burke, Senior Assistant Director, Office of Lawyers Professional Responsibility, Saint Paul, Minnesota, for petitioner.

Robert Andrew Huff, Chicago, Illinois, pro se.

_____

S Y L L A B U S

1.      The attorney-disciplinary proceedings conducted in Illinois were fundamentally fair and consistent with due process.

2.      Disbarment is the appropriate reciprocal discipline to impose in this case.

O P I N I O N

PER CURIAM.

This case involves the question of whether we should impose reciprocal discipline on respondent Robert Andrew Huff, who recently lost his license to practice law in Illinois by order of the Illinois Supreme Court. The Director of the Office of Lawyers Professional Responsibility (the Director) petitioned this court to impose the same discipline on Huff in

1

Minnesota under Rule 12(d), Rules on Lawyers Professional Responsibility (RLPR), which governs reciprocal-discipline proceedings in Minnesota. Because we conclude that the disciplinary proceedings in Illinois were fundamentally fair and that disbarment would not be unjust or substantially different from the discipline we would impose in Minnesota for Huff's misconduct, we grant the Director's petition.

I.

Huff was admitted to practice law in Illinois in 1997 and in Minnesota the following year. Huff has been suspended from the practice of law in Minnesota since April 2013 due to his failure to pay attorney-registration fees. At one time, he was also admitted to practice law in California, Colorado, and the District of Columbia, but he was suspended in each of these jurisdictions for the misconduct underlying this case. Specifically, Huff was convicted in 2009 of felony conspiracy to distribute 1,000 kilograms or more of marijuana. In November 2013, the Illinois Supreme Court disbarred Huff based on his felony conviction and subsequent failure to notify the Administrator of the Illinois Attorney Registration and Disciplinary Commission of his conviction within 30 days.[1] The action of the Illinois Supreme Court led to the Director's filing of a petition for reciprocal discipline in Minnesota. After the Director showed that he was unable to personally serve

---

[1]     *See* Ill. R. Prof. Conduct 8.4(a)(3)-(5) (2008) (amended Jan. 1, 2010) (explaining that it is professional misconduct for a lawyer to "(3) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; (4) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or] (5) engage in conduct that is prejudicial to the administration of justice"); *see also* Ill. Sup. Ct. R. 761(a) (requiring an attorney convicted of a felony to notify the Administrator within 30 days of the entry of judgment of conviction).

Huff, the Director filed, and we granted, an application for an order of suspension. *See* Rule 12(c)(1), RLPR.

We notified Huff that the allegations in the petition would be deemed admitted if he did not appear in the matter within 1 year. Huff failed to appear within a year, so we deemed the allegations in the petition admitted. We also ordered Huff to file a memorandum explaining his position on the propriety of reciprocal discipline. We required the Director to serve a copy of our order on Huff by publication, which the Director accomplished through publication in the *Chicago Daily Law Bulletin*. We also invited Huff and the Director to submit written proposals on the appropriate discipline. Huff did not respond to the order and has not otherwise appeared in this action.

II.

Because the allegations in the petition have been deemed admitted, the only question before us is whether to grant the Director's petition for reciprocal discipline. *See In re Swensen*, 743 N.W.2d 243, 247 (Minn. 2007), *modified on reh'g* (Minn. 2008). Rule 12(d), RLPR, provides that the Director may petition for reciprocal discipline when another jurisdiction has publicly disciplined an attorney who is licensed to practice law in Minnesota. The purpose of reciprocal discipline is "to prevent a sanctioned attorney from avoiding the consequences of misconduct by simply moving his or her practice to another state." *In re Heinemann*, 606 N.W.2d 62, 64 (Minn. 2000). "Conservation of judicial resources also militates in favor of deferring to sanctions imposed elsewhere." *In re Morin*, 469 N.W.2d 714, 717 (Minn. 1991). Unless we determine otherwise, another jurisdiction's determination that a lawyer has committed misconduct conclusively establishes "the

3

misconduct for purposes of disciplinary proceedings in Minnesota." Rule 12(d), RLPR; *In re Wolff*, 810 N.W.2d 312, 316 (Minn. 2012). We may impose reciprocal discipline "unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." Rule 12(d), RLPR; *accord In re Hawkins*, 834 N.W.2d 663, 668 (Minn. 2013).

A.

Our first task is to determine whether the Illinois disciplinary proceeding was fundamentally fair and consistent with principles of due process. *In re Overboe*, 867 N.W.2d 482, 485-86 (Minn. 2015). To determine the fairness of a disciplinary proceeding conducted in another state, we "review the underlying record to see if the attorney received notice of the proceedings and allegations against him, and had the opportunity to respond to those allegations and offer evidence of mitigating circumstances." *Id.* at 486. If an attorney receives notice and an opportunity to respond to the charges, the proceedings are fair under Rule 12(d). *Overboe*, 867 N.W.2d at 486.

In a previous case, we held that an Illinois disciplinary proceeding was consistent with fundamental fairness and due process. *Heinemann*, 606 N.W.2d at 64. We determined that the proceeding was fair because it provided the attorney with notice and an opportunity to be heard. *Id.* Specifically, the respondent in that case, Loren Heinemann, was able to retain an attorney, receive and respond to the disciplinary charges, waive his right to a hearing, and stipulate to the facts alleged against him. *Id.* at 62-64.

Like Heinemann, Huff had full and fair proceedings that complied with the requirements of due process. *See id.* Although Huff did not stipulate to the facts alleged against him, he received notice of, and responded to, the charges; retained counsel; and presented evidence, including the testimony of two character witnesses. Huff also testified before the hearing board and later contested one of the board's findings and its disciplinary recommendation in a proceeding before the review board of the Illinois Attorney Registration and Disciplinary Commission. These proceedings provided due process to Huff, *see Wolff*, 810 N.W.2d at 316, and were fair.

B.

We next consider whether the discipline imposed in Illinois was unjust or substantially different from the discipline warranted in Minnesota. *See* Rule 12(d), RLPR. The question "is not whether we might have imposed different discipline had [Huff's] disciplinary proceedings originated in Minnesota, but rather 'whether the discipline [imposed in Illinois] is unjust or substantially different from [the] discipline warranted in Minnesota.' " *Overboe*, 867 N.W.2d at 487 (quoting *In re Meaden*, 628 N.W.2d 129, 134 (Minn. 2001)).

Huff's disciplinary proceedings arose out of his involvement in the distribution of marijuana, beginning sometime in 2006 and continuing through January 2008. During this period, Huff purchased and sold marijuana; visited a growing operation in California to purchase marijuana and make arrangements for its delivery to Chicago; and permitted a co-conspirator to store 250 pounds of marijuana at two properties Huff owned. Huff was directly involved in the procurement of about 108 pounds of marijuana, but the drug

conspiracy of which he was a part involved even larger amounts of marijuana. Huff pleaded guilty to a felony charge of conspiracy to distribute 1,000 kilograms or more of marijuana. *See* 21 U.S.C. § 841(b)(1)(A) (2012). A federal district court sentenced Huff to 18 months in prison, placed him on supervised release for 5 years, ordered him to complete 250 hours of community service, imposed a $3,000 fine, and required him to pay a $100 assessment.

"We generally view 'felony convictions as serious misconduct,' " *In re Pitera*, 827 N.W.2d 207, 210 (Minn. 2013) (quoting *In re Perez*, 688 N.W.2d 562, 567 (Minn. 2004)), and we have previously disbarred attorneys for "criminal conduct unrelated to the practice [of] law, including *serious drug-related offenses*, crimes of violence, and acts involving dishonesty." *In re Farley*, 771 N.W.2d 857, 864-65 (Minn. 2009) (emphasis added); *see In re Poindexter*, 493 N.W.2d 539, 540 (Minn. 1992) (order) (disbarring an attorney for a fraud conviction unrelated to the practice of law); *In re Wegner*, 291 N.W.2d 678, 678-79 (Minn. 1979) (disbarring an attorney who was convicted of conspiracy to import marijuana into the United States); *In re Thompson*, 296 Minn. 466, 467-69, 209 N.W.2d 412, 413-14 (1973) (disbarring an attorney who was convicted of first-degree murder). Similar to these cases, Huff's misconduct, although unrelated to the practice of law, gave rise to a felony drug conviction.

Huff's felony drug conviction is comparable to the serious drug offenses from *In re Reutter*, 361 N.W.2d 68 (Minn. 1985), and *In re Trygstad*, 338 N.W.2d 9 (Minn. 1983) (order), both of which involved the disbarment of attorneys who had committed conspiracy to distribute cocaine. *Reutter*, 361 N.W.2d at 69; *Trygstad*, 338 N.W.2d at 9; *see In re*

*Trygstad*, 472 N.W.2d 137, 138 (Minn. 1991). Reutter was convicted of two counts of aiding and abetting the distribution of cocaine and one count of conspiracy to distribute cocaine for conduct spanning nearly 2 years. *Reutter*, 361 N.W.2d at 69. We disbarred Trygstad because he conspired to sell cocaine to an undercover officer, which led to felony convictions of two counts of conspiracy to distribute cocaine in South Dakota. *See Trygstad*, 472 N.W.2d at 138. Each attorney was sentenced to substantial prison time, and we noted in *Reutter* that there were "no mitigating circumstances to distinguish th[e] case from other cases where we have disbarred lawyers for being convicted of serious felonies." 361 N.W.2d at 69. Each of these cases supports the Director's petition for reciprocal discipline.

Finally, we note that Huff failed to participate in Minnesota's disciplinary proceeding in any way. He did not inform the Director about his disciplinary proceedings in Illinois; respond to the allegations in the petition or this court's orders; or otherwise cooperate in the Director's investigation. Huff's failure to participate provides additional support for disbarment. *See Heinemann*, 606 N.W.2d at 64 (imposing the reciprocal discipline of disbarment when an attorney failed to respond to the Director's petition or to participate in Minnesota's disciplinary process, among other misconduct).

The nature and severity of Huff's misconduct leads us to conclude that disbarment is neither unjust nor substantially different from the discipline warranted in Minnesota. We therefore grant the Director's petition for reciprocal discipline and order Huff's disbarment from the practice of law in Minnesota.

Accordingly, we order that:

1.	Respondent Robert Andrew Huff is disbarred from the practice of law in the State of Minnesota, effective upon the date of filing of this opinion.

2.	Respondent shall pay to the Director the sum of $900 in costs under Rule 24, RLPR, and shall comply with Rule 26, RLPR (requiring notice of disbarment to clients, opposing counsel, and tribunals).

HUDSON, J., not having been a member of the court at the time of submission, took no part in the consideration or decision of this case.