PER CURIAM.
Respondent Lori J. Sklar is licensed to practice law in Minnesota and California, among other states. On March 22, 2017, the California Supreme Court suspended Sklar from the practice of law for 1 year, stayed execution of that suspension for all but the first 30 days, and placed Sklar on probation for 2 years. The Director of the Office of Lawyers Professional Responsibility petitioned our court to impose the same discipline (a suspension of 30 days) on Sklar in Minnesota under Rule 12(d) of the Rules on Lawyers Professional Responsibility (RLPR). Because we conclude that the disciplinary proceedings in California were fundamentally fair and that a 30-day suspension would be neither unjust nor substantially different from the discipline we would impose in Minnesota for Sklar's misconduct, we grant the Director's petition.
FACTS
Sklar's misconduct stems from her representation of a class of plaintiffs in a California lawsuit. In 2005, Sklar filed, and shortly thereafter settled, a class-action lawsuit against Toshiba America Information Systems, Inc. After the California trial court preliminarily approved the class settlement, Sklar sought approximately $ 24 million in fees and costs-which represented 25 percent of what she claimed to be the benefit of the class settlement. This fee request prompted a decade-long dispute between Sklar and Toshiba, during which Sklar engaged in several acts of misconduct.
First, Sklar sought to mislead the California trial court about the amount of her fee request. Between August 2006 and April 2009, Sklar and her personal attorney repeatedly informed the trial court that Sklar was seeking between $ 22 and $ 24 million in attorney fees. These representations were made in documents filed with the court and orally to the trial judge. Despite these representations, Sklar appeared before the trial court on April 5, 2010 and stated that she had never sought more than $ 12 million in attorney fees. Specifically, she claimed that the $ 24 million figure only represented the maximum amount of recovery she could receive but that $ 12 million was always the actual *386 amount of her fee request. That claim was not true.
Second, Sklar disobeyed two orders of the California trial court during the fee dispute. On August 15, 2007, the trial court ordered Sklar and Toshiba to select a neutral expert to search Sklar's computer backup files and produce anything that was not privileged after Sklar claimed that original versions of her electronic time records had been deleted. Sklar objected to the manner in which the court-ordered inspection was to take place and brought two unsuccessful challenges to the court's order. Ultimately, Sklar and Toshiba did not agree on a neutral expert, and an inspection did not take place. Almost a year later, on June 24, 2008, the court ordered Sklar to allow an inspection of her computer by Toshiba's chosen expert on July 22 and 23, 2008. Sklar challenged the court's second order, but was unsuccessful again. The day before the inspection was to take place, Sklar told opposing counsel that she would not allow it to proceed.
The California district court imposed a discovery sanction against Sklar, and the California Court of Appeal for the Second District affirmed. Ellis v. Toshiba Am. Info. Sys., Inc. , 218 Cal.App.4th 853, 160 Cal. Rptr. 3d 557 (2013), rev. denied (Cal. Nov. 26, 2013). Sklar sought review in the California Supreme Court and the United States Supreme Court, but both denied her petitions. Sklar v. Toshiba Am. Info. Sys., Inc. , 572 U.S. 1138, 134 S.Ct. 2692, 189 L.Ed.2d 215 (2014).
After Sklar exhausted her avenues of appeal for the discovery sanction, the California State Bar filed disciplinary charges against her. The hearing department of the state bar court held a four-day trial on the charges. Sklar was present and fully participated. At trial, Sklar was represented by two attorneys, testified on multiple days, entered 54 exhibits, and presented the support of 14 character witnesses. A little over a month later, the hearing department issued an opinion recommending that Sklar be disciplined. The hearing department judge concluded, by clear and convincing evidence, that Sklar sought to mislead the California trial court judge by "artifice or false statement of fact" and willfully disobeyed court orders, violating two California rules of professional conduct. After weighing aggravating and mitigating factors, the hearing department judge recommended that Sklar be suspended from the practice of law in California for 1 year, that execution of her suspension be stayed for all but the first 30 days, and that Sklar be placed on probation for 2 years.
After the hearing department issued its recommendation, the review department of the California bar court independently reviewed the record, determined by clear and convincing evidence that Sklar committed the charged misconduct, and adopted the hearing judge's discipline recommendation. Subsequently, the California Supreme Court declined review of Sklar's case and adopted the California bar court's recommended discipline. Sklar's petition to the United States Supreme Court for a writ of certiorari was denied. Sklar v. State Bar of Cal. , --- U.S. ----, 138 S. Ct. 190, 199 L.Ed.2d 128 (2017).
Upon learning that the California Supreme Court had suspended Sklar, the Director filed a petition under Rule 12(d), RLPR, asking that we impose the same discipline on Sklar in Minnesota. In response, Sklar filed memoranda arguing that reciprocal discipline is unwarranted.
ANALYSIS
If a lawyer licensed to practice in Minnesota has been publicly disciplined in another jurisdiction, we may, without further proceedings, "impose the identical discipline *387 unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." Rule 12(d), RLPR. In addition, "a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota," unless we "determine otherwise." Id.
I.
We turn first to the issue of fairness. Disciplinary proceedings in another jurisdiction are fair if they are " 'consistent with [the principles of] fundamental fairness and due process.' " In re Wolff , 810 N.W.2d 312, 316 (Minn. 2012) (alteration in original) (quoting In re Schmidt , 586 N.W.2d 774, 775 (Minn. 1998) ). In assessing fairness, we consider "the underlying record to see if the attorney received notice of the proceedings and the allegations against him, and had the opportunity to respond to those allegations and offer evidence of mitigating circumstances." In re Overboe , 867 N.W.2d 482, 486 (Minn. 2015). We have repeatedly held that, when "an attorney receives notice and an opportunity to respond to the charges, the proceedings are fair under Rule 12(d)." In re Huff , 872 N.W.2d 750, 753 (Minn. 2015) ; see also In re Hawkins , 834 N.W.2d 663, 668 (Minn. 2013) ; In re Keller , 656 N.W.2d 398, 401 (Minn. 2003) ; In re Schmidt , 586 N.W.2d 774, 775-76 (Minn. 1998).
In this case, it is clear that the California disciplinary proceedings were fundamentally fair and consistent with due process. Sklar received notice of the charges against her and participated in a four-day trial. According to the trial transcript that Sklar filed with us, over 75 percent of the trial was dedicated to her defense. Sklar entered 54 exhibits and presented 14 character witnesses. She was represented by two attorneys at the trial. Her counsel cross-examined the California bar's witnesses, objected to the admission of unfavorable exhibits, and gave both opening and closing statements. Sklar also had three opportunities for appellate review-with the state bar court review department, the California Supreme Court, and the United States Supreme Court. Given these facts, the California proceedings were undoubtedly fair.
Sklar makes several unavailing arguments about the purported unfairness of the California proceedings. The majority of these arguments focus on why she did not deserve to be given a discovery sanction in the underlying class-action matter or why she should not have been disciplined by the California Supreme Court. But, under Rule 12(d), the California Supreme Court's decision conclusively establishes Sklar's misconduct for the purpose of imposing reciprocal discipline in Minnesota unless we determine otherwise. Although we have never elaborated on what circumstances would cause us to determine otherwise, we see no reason to depart from California's fact-finding in this case. Sklar had ample opportunity to litigate the merits of the claims against her, in both the class-action matter and the discipline matter. We see no reason for further litigation here. Accordingly, it is conclusively established that Sklar made a false statement to a court[1] and disobeyed two court orders.[2]
*388 In addition to attacking the basis for the discipline imposed by California, Sklar makes two arguments focused on the procedures followed in that disciplinary matter. These arguments are without merit.
First, Sklar argues that the prosecutors in the disciplinary proceeding were allowed to enter "new records, that were not produced in discovery, in the middle of trial." She argues that these additional exhibits added "nearly 30% more records without prior notice or an opportunity to prepare any defense ... which amounted to a denial of due process." But the hearing transcript reveals that the prosecutors introduced only 4 exhibits after the first day of trial and that Sklar did not object to any of these exhibits on the basis that they had not been produced in discovery. The transcript shows that Sklar did object on the first day of trial to one exhibit that she claimed had not been produced. But Sklar was familiar with this document from the class-action matter. Thus, Sklar was not deprived of notice or a meaningful opportunity to respond to allegations against her by the admission of any of the prosecutor's exhibits.
Second, Sklar argues that the review department improperly relied on the court of appeal opinion regarding her discovery sanction in finding that she committed misconduct. The review department opinion states that it considered the findings of the court of appeal in the class-action matter to have "a strong presumption of validity" because California jurisprudence requires such deference. But the review department also stated that it "independently reviewed the record," that it found the civil rulings to be "corroborated by substantial evidence," and that it ultimately determined the record showed Sklar committed the charged misconduct "by clear and convincing evidence." It does not appear that the review department gave "preclusive effect" to the civil proceedings, as Sklar claims, or that her due process rights were otherwise violated. Further, as discussed above, Sklar had a full opportunity to, and did, appeal all issues in the class-action matter.
In sum, Sklar was given meaningful opportunities to defend against the California charges and argue the merits of her case. Accordingly, we hold that the California disciplinary proceedings were fundamentally fair.[3]
II.
Having concluded that the California proceedings were fair, we must decide whether "imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." Rule 12(d), RLPR. Sklar argues that reciprocal discipline in this case would be both substantially different and unjust. We take each issue in turn.
A.
Sklar argues that a 30-day suspension is substantially different than the discipline Minnesota would typically impose in a case like hers. She argues that Minnesota would usually impose only a private admonition or a public reprimand. The Director, on the other hand, argues that our court frequently suspends attorneys for misconduct like Sklar's. Our precedent supports the Director's position.
As Sklar claims, sometimes we impose a public reprimand for misconduct that is similar to or more severe than hers. See, *389 e.g. , In re Amundson , 869 N.W.2d 671 (Minn. 2014) (order) (imposing a public reprimand for an attorney's knowingly false statements to a court and opposing counsel); In re Dinneen , 849 N.W.2d 69 (Minn. 2014) (order) (imposing a public reprimand for a knowingly false statement to a court along with several other acts of misconduct); In re Novak , 856 N.W.2d 97 (Minn. 2014) (order) (imposing a public reprimand for false statements to a court and opposing counsel); In re Brenner , 460 N.W.2d 54 (Minn. 1990) (order) (imposing a public reprimand for three counts of misconduct involving neglect of client matters and making a false statement to a court). In several of these cases, however, we noted that mitigating factors were present and that " '[w]e have suspended attorneys for misrepresentations made to our judicial officers.' " Dinneen , 849 N.W.2d at 69-70 (quoting In re Jensen , 542 N.W.2d 627, 634 (Minn. 1996) ); see also Amundson , 869 N.W.2d at 671 ; Novak , 856 N.W.2d at 97.
On the other hand, it is common for us to suspend an attorney for misconduct that is similar to or less severe than Sklar's. We have held that "willful disobedience [of] a single court order may alone justify disbarment." In re Daly , 291 Minn. 488, 189 N.W.2d 176, 181 (1971) ; see also In re Giberson , 581 N.W.2d 351, 355 (Minn. 1998) (imposing an indefinite suspension on an attorney who disobeyed a court order requiring him to pay child support and spousal maintenance). In addition, "[m]aking false statements is misconduct of the highest order and warrants severe discipline." In re Hawkins , 834 N.W.2d 663, 670 (Minn. 2013) (citation omitted) (internal quotation marks omitted); see also Jensen , 542 N.W.2d at 634 ; In re Schmidt , 402 N.W.2d 544, 548 (Minn. 1987) (stating that "courts do not hesitate to impose severe discipline" on lawyers who demonstrate a lack of truthfulness and candor).
Further, we have repeatedly suspended attorneys whose only misconduct was making false statements to a court or while under oath. See In re Ask , 899 N.W.2d 182 (Minn. 2017) (order) (suspending an attorney for 30 days for making three false statements: (1) to a court when pleading guilty to a crime; (2) in his plea petition; and (3) to a police officer); In re Warpeha , 802 N.W.2d 361 (Minn. 2011) (order) (imposing a 60-day suspension on an attorney who made false statements about his criminal history during voir dire as a potential juror); In re Czarnik , 759 N.W.2d 217, 222, 224 (Minn. 2009) (imposing a 90-day suspension on an attorney who gave false deposition testimony under oath); In re Johnson , 744 N.W.2d 18 (Minn. 2008) (order) (imposing a reciprocal 60-day suspension for false statements made to a district court and in the course of disciplinary proceedings in another jurisdiction); see also In re Sannes , 832 N.W.2d 446 (Minn. 2013) (order) (suspending an attorney for 30 days after he failed to correct a false statement his client made to a tribunal).
Sklar's misconduct includes not only a false statement to a court, but other misconduct-violation of court discovery orders. We have suspended attorneys who made false statements and committed other misconduct in several cases. See In re Nwaneri , 896 N.W.2d 518, 525, 527 (Minn. 2017) (imposing a 30-day suspension for filing an untimely brief, knowingly filing a false affidavit, and making a false statement to an ethics investigator); In re Michael , 836 N.W.2d 753, 756-57, 768 (Minn. 2013) (suspending an attorney for 30 days for making a false statement to a court, disobeying a court order, advancing a frivolous argument, and improperly accusing a judge of bias); In re Van Liew , 712 N.W.2d 758, 758 (Minn. 2006) (order) (imposing *390 a 90-day suspension for making a false statement to a tribunal and failing to file opposition to a motion).
Thus, our attorney-discipline jurisprudence demonstrates that a 30-day suspension is well within the range of discipline that our court has imposed for similar misconduct. Accordingly, Sklar's California discipline is not "substantially different from discipline warranted in Minnesota." Rule 12(d), RLPR.
B.
Finally, Sklar claims that the imposition of reciprocal discipline would be unjust. Specifically, she argues that it would be unjust for us to impose discipline in Minnesota because: (1) she was "prejudiced by excessive delay in the California proceedings;" (2) the Director's petition for discipline is "constitutional[ly] infirm[ ]" because it was filed a year and a half after discipline was imposed in California; and (3) Sklar's misconduct was justified because e-discovery was in its infancy during the class-action matter, and she resisted the class-action judge's orders to protect privileged and confidential material on her computer. These arguments are unpersuasive.
Reciprocal discipline is meant "to prevent a sanctioned attorney from avoiding the consequences of misconduct by simply moving his or her practice to another state." In re Heinemann , 606 N.W.2d 62, 64 (Minn. 2000). In imposing any attorney discipline, our responsibility is "to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." In re Oberhauser , 679 N.W.2d 153, 159 (Minn. 2004).
Although the misconduct at issue in this case took place from 2007 to 2010, this proceeding is taking place in 2019 in large part because of Sklar's own appeals. Sklar was still appealing her discovery sanction in the class-action matter to the United States Supreme Court in May 2014. See Sklar , 572 U.S. at 1138, 134 S.Ct. 2692. And her petition for certiorari to the United States Supreme Court in her discipline matter was not denied until October 2017. See Sklar , --- U.S. ----, 138 S. Ct. at 190. Thus, Sklar's complaints of delay in the California disciplinary proceedings or about the Director's petition in this case are without merit. We see no concerning gaps in the procedural history of this case, and Sklar has not articulated any specific prejudice suffered as a result of any alleged delays. See Overboe , 867 N.W.2d at 486 (determining that an attorney had not been deprived of due process, despite a 6-year delay in the disciplinary proceedings, because the attorney failed to prove that he was "actually and substantially prejudiced by the delay"); In re N.P. , 361 N.W.2d 386, 393 (Minn. 1985) (refusing to dismiss attorney-discipline charges for unreasonable delay because the attorney failed to show prejudice).
Finally, we are unpersuaded by Sklar's arguments concerning the purported novelty of e-discovery from 2007 through 2010. This argument does nothing to ameliorate Sklar's misrepresentation to the California district court nor does it justify violating court orders. Accordingly, we conclude that imposing reciprocal discipline against Sklar is not unjust.
Having determined that the disciplinary proceedings in California were fundamentally fair and consistent with due process, and that reciprocal discipline would not be unjust or substantially different from the discipline warranted in Minnesota, we suspend Sklar from the practice of law in *391 Minnesota for 30 days,[4] retroactive[5] to March 22, 2017, the date of Sklar's discipline in California.
Accordingly, we order that:
1. Respondent Lori J. Sklar is suspended from the practice of law for a minimum of 30 days, retroactive to March 22, 2017.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).
3. Respondent shall pay $ 900 in costs pursuant to Rule 24, RLPR.
4. Respondent is eligible for reinstatement to the practice of law. In order to be reinstated, respondent must file with the Clerk of the Appellate Courts and serve upon the Director an affidavit establishing that she is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court. In addition, respondent must file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. This examination must have been taken after the date of respondent's discipline in California.
Suspended.

This misconduct violates Minn. R. Prof. Conduct 3.3(a)(1), which states that "[a] lawyer shall not knowingly ... make a false statement of fact or law to a tribunal."

This misconduct violates Minn. R. Prof. Conduct 3.4(c), which generally prohibits lawyers from "knowingly disobey[ing] an obligation under the rules of a tribunal."

We also note that other states where Sklar is licensed to practice law have imposed reciprocal discipline based on the California proceedings. See In re Sklar , No. 081789, 236 N.J. 554, 200 A.3d 1292, 2019 WL 460332 (N.J. Feb. 6, 2019) ; In re Sklar , 89 N.Y.S.3d 467, 167 A.D.3d 1142 (2018).

Reciprocal discipline typically means "identical discipline." Rule 12(d), RLPR. But because the Director requests a 30-day suspension-rather than a 1-year, partially-stayed suspension-and because Sklar has already completed her suspension in California, we impose a 30-day suspension in Minnesota.

Although we have occasionally imposed reciprocal discipline retroactively, we have not yet announced a rule for determining when retroactivity is appropriate. It is not necessary to further address the issue here because the Director does not object to Sklar's request that we impose reciprocal discipline retroactively.